**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HASBRO, INC.,<br><br>            Plaintiff,<br><br>    -against-<br><br>INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A.,<br><br>            Defendant. | C.A. No. 09 Civ. 610 (S) (LDA) |

**PLAINTIFF HASBRO, INC.'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Hasbro, Inc. ("Hasbro") seeks leave to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure ("F.R.C.P.") and District of Rhode Island Civil Local Rule 15. A copy of the proposed Second Amended Complaint is attached hereto as Exhibit A.[1]

F.R.C.P. Rule 15(a)(2) states that a party may amend its pleading "with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Hasbro sought the consent of defendant Atari, S.A. ("Atari") to this amendment, but Atari declined. *See* Declaration of James M. Pearl ("Pearl Declaration") at ¶¶ 2-14 (filed concurrently herewith).[2]

Hasbro last amended its complaint in May. Since then: (1) Hasbro has learned of additional breaches of contract and acts of fraud by Atari; (2) Atari has publicly disclosed information

---

[1] As explained herein, Exhibit A contains redactions which Atari insisted that Hasbro include in the publicly-filed version of the proposed pleading.

[2] This Motion is filed along with Hasbro's Memorandum in Support of its Motion to for Leave to File Second Amended Complaint and the supporting Pearl Declaration, which explain in more detail how the proposed Second Amended Complaint differs from the currently operative complaint and why the amendment is necessary, pursuant to Civil Local Rule 15(b).

concerning its weak financial condition, which supports a separate grounds to terminate the parties' contract; and (3) Atari has deprived Hasbro of basic discovery about the issues in dispute by improperly hiding behind the absence of Atari's affiliates as co-defendants. Thus, the Second Amended Complaint names other Atari entities as defendants and bolsters the pleading's factual allegations to eliminate any basis for Atari to deprive Hasbro of the information it needs to present its case.

Hasbro makes this motion to amend promptly after learning the facts forming the basis for the proposed amendment. No undue delay has occurred and no undue prejudice will result from this amendment. Discovery is still in its early stages; Atari has not yet produced any documents; and no depositions have been conducted. In any event, it is Atari's own fraud, concealment of that fraud, contract breaches, obstruction of discovery, and recent financial disclosures that necessitate this amendment.

Atari has requested that Hasbro file the proposed Second Amended Complaint under seal and redact large portions of it. *See* Pearl Declaration at ¶¶ 4-14. But Atari's suggested redactions to the proposed Second Amended Complaint are improper and do not seek to redact or seal information and facts that are confidential. For example, Atari suggested that Hasbro redact its quotation of a statement in an October 26, 2009 letter from then-Atari, Inc. President Jim Wilson, in which Mr. Wilson characterized a portion of the "Distribution Agreement" between Atari and non-party (and Hasbro competitor) Namco Bandai as excluding Hasbro games. Yet, Atari placed this exact same letter—containing the exact same language—in the Court file in prior filings in this case, and argued during motion practice that this document should not be sealed. Specifically, on December 22, 2009, Atari filed its Answer and Counterclaim and attached as exhibits a selection of correspondence between the parties—including Mr. Wilson's October 26, 2009 letter. Hasbro filed

an emergency motion to seal this and other of Atari's exhibits on December 24, 2009, which the Court granted. *See* Docket No. 11. Atari then moved on December 31, 2009 to vacate the order. *See* Docket No. 13. The Court subsequently ordered that the License Agreement and Hasbro's Notice of Breach remain sealed, but unsealed the rest of the correspondence—including Mr. Wilson's October 26, 2009 letter. *See* February 2, 2010 Order. Atari's other suggested redactions to the proposed SAC are likewise improper, and seek to seal information concerning Atari that has been culled and taken from publicly-available sources, including Atari's own press releases.

Hasbro is willing to redact and seal appropriate portions where there is a compelling reason to do so. *See Corvello v. New England Gas Co.*, C.A. Nos. 05-221T, 05-274T, 05-370T, 05-522T, 2008 WL 5245331, at *6 (D.R.I. Dec. 16, 2008) (explaining there are exceptions to the general rule that documents filed with a court are public records and that permit documents to be sealed where there is a compelling reason for doing so). As explained above, however, Atari has requested proposed redactions that go beyond what is permitted to be filed under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978); *FTC. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (explaining the presumption that "the public ought to have access to judicial records.") Thus, one reason for the delay in filing this pleading is because of Hasbro's unwillingness to go along with Atari's requests to bend the rules. For instance, Atari's request to redact statements taken from the public record, including quotations from newspaper articles and publicly available facts about Atari's financial condition, does not fall into the "disclosure of material non-public information" exception contemplated by this Court. *See Corvello*, 2008 WL 5245331, at *6 (finding that the proposed sealed information did not constitute "nonpublic" information and therefore could not be sealed). While Atari may not want to draw attention to these public facts because it fears commercial embarrassment, "commercial embarrassment" is not a "compelling

3

reason" to seal judicial materials.  *See Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993).  Therefore, Hasbro cannot in good faith stipulate to such redactions.  *See* R.I. Local Rule 102(a)(2) (requiring a "good faith basis" to file a document under seal).

In consideration of the fact that Atari has indicated its express desire to seal large portions of the proposed Second Amended Complaint, Hasbro has in the interim attached as Exhibit A to this motion a copy of the proposed Second Amended Complaint bearing Atari's suggested redactions.  Hasbro has also separately lodged under seal an unredacted copy of the proposed Second Amended Complaint to afford Atari the opportunity to file a formal motion to seal this document.  Hasbro intends to oppose any motion to seal facts that by law lack a compelling reason to remove them from the public record.

WHEREFORE, Hasbro respectfully requests that the Court grant it leave to amend its complaint as set forth in **Exhibit A**.

Dated:  December 7, 2010                                           HASBRO, INC.
                                                                   By its Attorneys,

                                                                   */s/ John A. Tarantino*
                                                                   John A. Tarantino

Robert M. Schwartz (*pro hac vice*)                                John A. Tarantino (#2586)
rschwartz@omm.com                                                  jtarantino@apslaw.com
Matthew T. Kline (*pro hac vice*)                                  Todd D. White (#5943)
mkline@omm.com                                                     twhite@apslaw.com
James Bo Pearl (*pro hac vice*)                                    ADLER POLLOCK & SHEEHAN P.C.
jpearl@omm.com                                                     One Citizens Plaza, 8th Floor
Drew E. Breuder (*pro hac vice*)                                   Providence, RI  02903-1345
dbreuder@omm.com                                                   Tel:    (401) 274-7200
O'MELVENY & MYERS LLP                                              Fax:   (401) 351-4607
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-6035
Tel:    (310) 553-6700
Fax:   (310) 246-6779

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

        Plaintiff,

    -against-

INFOGRAMES ENTERTAINMENT, S.A. a/k/a
ATARI, S.A.,

        Defendant.

C.A. No. 09 Civ. 610 (S) (LDA)

**MEMORANDUM IN SUPPORT OF PLAINTIFF HASBRO, INC.'S
MOTION FOR LEAVE TO TO FILE SECOND AMENDED COMPLAINT**

    Plaintiff Hasbro, Inc. ("Hasbro") files this Memorandum in Support of its Motion for Leave to File its Second Amended Complaint, in compliance with District of Rhode Island Civil Local Rule 15. Hasbro filed suit against defendant Atari, S.A. ("Atari") in December 2009 based on Atari's multiple breaches of the parties' 2005 License Agreement ("License Agreement") by which Atari obtained the right to produce and distribute digital video games based on Hasbro's "Dungeons & Dragons" ("D&D") property, and Atari's repeated misrepresentations to Hasbro concerning its conduct.

    Hasbro amended its complaint (the "FAC") in May 2010. Since then, however, Atari has committed additional contractual breaches, and new information has come to light regarding Atari's conduct and current ability to perform under the License Agreement. No prejudice would result from this Second Amended Complaint as Atari has yet to produce a single document in discovery and no depositions have been taken. Hasbro sought Atari's stipulation to file this motion. Atari initially agreed, but only on the condition that Hasbro file significant portions under seal. Hasbro could not agree because some of the proposed material pertained to news articles and other

5

allegations that do not qualify for confidential treatment. When the parties reached impasse on this dispute, Hasbro filed this motion for leave to file a Second Amended Complaint ("SAC").[3]

## I.   THE PROPOSED SECOND AMENDED COMPLAINT ARISES FROM NEW FACTUAL DEVELOPMENTS.

### A.   Hasbro Has Learned That Atari Misrepresented Its Relationship With Namco Bandai and The Terms Of The Distribution Agreement.

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." That is the case here. Since the filing of the FAC in May 2010, Hasbro has learned that Jim Wilson—then-President and CEO of Atari, Inc.—misrepresented in an October 2009 letter to Hasbro the contents of the Distribution Agreement between Atari and non-party Distribution Partners. This Distribution Agreement, which conveyed rights from Atari to entities that later became owned by Namco Bandai, a key competitor of Hasbro, is a central factual piece in Hasbro's existing allegations. In his letter, Mr. Wilson characterized the Distribution Agreement as excluding Hasbro video game titles, and he attached an excerpt from the Agreement that he characterized as operating to exclude them. *See* Declaration of James M. Pearl ("Pearl Decl.") ¶ 16, Ex. 9 at 1-2 (filed concurrently herewith).

Months later—after the filing of the FAC—Hasbro acquired a copy of the Distribution Agreement. It became apparent that Wilson had omitted from his letter the very next sentence of the excerpt quoted from the Distribution Agreement. That sentence indicated that the appendix to the Agreement contained an *exhaustive* list of the excluded games—but in fact the appendix stated that *no* video games (and, thus, no games based on plaintiffs' D&D property) were excluded under

---

[3] A copy of the proposed SAC is attached as Exhibit A to Hasbro's Motion for Leave to File Second Amended Complaint. As explained in the Motion, Exhibit A contains redactions which Atari insisted that Hasbro include in the publicly-filed version of the proposed SAC.

6

that section, contrary to Mr. Wilson's prior representation. *See id.* ¶ 17, Ex. 10 at 5-6, 16. The proposed SAC includes allegations concerning these Atari misrepresentations. *See* SAC ¶¶ 49-63.

      **B.**    **Hasbro Has Learned That Atari's Financial Difficulties Are Impeding Its Ability To Perform Under The License Agreement.**

Additionally, since Hasbro filed the FAC new information has come to light revealing that today's Atari is not the same company with whom Hasbro entered into the License Agreement, and calling into question Atari's financial ability to perform under the License Agreement going forward. After years of insisting that Atari was fit to perform, in recent months Atari executives have been more forthright publically in their own appraisals of the company's financial condition. They have described Atari as a "shell" and an "old onion that smells really bad and every time you peel away one problem, you find another," and they have compared its finances to those of a "start-up" company. Atari's recent financial disclosures to the SEC also paint a bleak picture about its overall financial state and its ability to perform the contract. *See* Pearl Decl. ¶ 18, Ex. 11.

These developments are highly relevant to this litigation. Indeed, the parties confronted this scenario in negotiating the License Agreement, and included a provision entitling Hasbro to terminate the contract under such circumstances. These financial developments also shed light on the true motivation for Atari's dismantling of its international operations through the Distribution Partners transaction, revealing it to be a move motivated by financial necessity and constituting a repudiation of Atari's obligations under the License Agreement. The proposed SAC includes claims for relief and additional factual allegations based on these new developments. *See* SAC ¶¶ 84-90, 104-107.

      **C.**    **Atari Has Breached Its Recordkeeping And Audit Obligations.**

Since the filing of the FAC, Atari has breached its obligations to Hasbro in connection with Hasbro's audit rights under the License Agreement. Whether Atari is unwilling or simply unable to

comply with its contractual recordkeeping and audit obligations, this failure constitutes a new and separate breach of the License Agreement. Hasbro formally notified Atari of its latest breach of the License Agreement's audit provisions by letter on October 11, 2010. Pearl Decl. ¶ 19, Ex. 12. Atari did not cure its violation within 30 days, permitting Hasbro to terminate immediately. The proposed SAC therefore adds a claim for breach of contract based on this conduct by Atari, including breaches that occurred in the past sixty days. *See* SAC ¶¶ 91-98, 117-118. If leave to amend is denied, Hasbro would never have an opportunity to plead this breach.

### D. Atari Has Improperly Construed Hasbro's Existing Complaint to Deny Hasbro Discovery.

In the initial discovery stages, Atari has declined to respond fully to Hasbro's written discovery by unilaterally defining the scope of the controversy as narrowly as possible. For instance, Count V of the FAC is "Breach of Contract - Obligation to Promote" alleges that Atari has an obligation under the License Agreement to "use commercially reasonable efforts to promote D&D Digital Games and undertake the licensed activities in a diligent manner," and that Atari has breached this obligation, "including without limitation" by ceasing to offer adequate customer support and by allowing Namco Bandai to take over customer support duties.

In responding to Hasbro's interrogatories and document requests, Atari has ignored the "without limitation" phrasing and held fast to the position that the case is "really" only about the Namco Bandai transaction, thereby (in its opinion) relieving Atari of any obligation to produce documents concerning Atari's promotion efforts beyond the narrow construction Atari seeks to impose on Hasbro's First Amended Complaint. Similarly, in its responses to Hasbro's First Set of Requests for Production, Atari said it would produce no documents in response to 41 requests for production—nearly one-third of Hasbro's requests—often on the basis that the requests did not fit within Atari's concept of what was "germane" to the litigation. Request Number 2, for example,

8

sought documents concerning Atari's "strategies, approaches, plans, expectations, decisions, and choices in performing its obligations under the LICENSE AGREEMENT and in conducting LICENSED ACTIVITIES." Atari stated that it would produce no documents in response to this request. *See* Pearl Decl. ¶ 20, Ex. 13 at 5-6. On a meet and confer call, Atari explained that this request was not relevant because the FAC did not allege a "general failure" to perform.

Though the Namco Bandai transaction and its attendant breaches and frauds are, indeed, an important part of the case, the more recent financial disclosures and fraud revelations make it clear that the Namco Bandai transaction was only one part of a comprehensive failure of performance. Atari lacks the ability to perform, has managed itself financially into a corner where it cannot perform, forcing it to sell off its assets and infrastructure to Hasbro's competitor, and has misled Hasbro concerning Atari's ability to perform under the License Agreement. As a result, Hasbro's D&D brand has suffered, and Atari has failed to deliver the number or quality of D&D games that it expressly and implicitly promised. These allegations are fully fleshed out in the Second Amended Complaint and leave no room for misinterpretation. *See*, *e.g.*, SAC ¶¶ 111-120.

### E. The SAC Adds Atari, Inc. and Atari Interactive, Inc. As Defendants.

Finally, the SAC names Atari, Inc. and Atari Interactive, Inc. as additional defendants because these U.S. entities have been closely involved in the performance of Atari's activities under the License Agreement. Hasbro also seeks leave to amend its complaint to add these defendants to forestall any further evasion by Atari of its discovery obligations or its liability through semantic hair-splitting between its corporate siblings and subsidiaries.

## II. THE COURT SHOULD GRANT HASBRO LEAVE TO FILE ITS SECOND AMENDED COMPLAINT.

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires," and the Supreme Court has held that "this mandate is to be heeded." *See*

*Foman v. Davis*, 371 U.S. 178, 181 (1962) (citation omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Leave should be granted unless there is adequate reason for denial, "such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment." *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2008); *see also Foman*, 371 U.S. at 181. Here, there has been no undue delay. Any new facts on which the SAC is premised either occurred or came to light after the filing of the FAC—or their true import was revealed by such recent developments. Hasbro has acted swiftly to tie the various strands of Atari's frauds and ongoing breaches together and promptly bring them to a head in this litigation.

Moreover, Atari will suffer no undue prejudice should the Court grant Hasbro leave to amend its complaint. Discovery has barely commenced. Atari has produced no documents in response to Hasbro's requests and no depositions have been taken by either side. Pearl Decl. ¶ 15. Atari will have every opportunity to respond to the SAC and marshal whatever evidence it might have in defense over the course of the discovery period. On the other side of the equation, Hasbro would be significantly prejudiced if leave to amend were denied. Hasbro would have no opportunity to plead specific and known misrepresentations by Atari, systematic underperformance under the License Agreement, breaches of the audit provisions of the License Agreement, and facts concerning Atari's declining financial condition that prevent meaningful performance.

### III. CONCLUSION

For all the foregoing reasons, Hasbro respectfully requests that the Court grant it leave to amend its complaint.

| | |
|---|---|
| Dated:  December 7, 2010 | HASBRO, INC.<br>By its Attorneys,<br><br>*/s/ John A. Tarantino*<br>John A. Tarantino |
| Robert M. Schwartz (*pro hac vice*)<br>Matthew T. Kline (*pro hac vice*)<br>mkline@omm.com<br>James Bo Pearl (*pro hac vice*)<br>jpearl@omm.com<br>Drew E. Pearl (*pro hac vice*)<br>dPearl@omm.com<br>O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars, Seventh Floor<br>Los Angeles, California  90067-6035<br>Tel:     (310) 553-6700<br>Fax:    (310) 246-6779 | John A. Tarantino (#2586)<br>jtarantino@apslaw.com<br>Todd D. White (#5943)<br>twhite@apslaw.com<br>ADLER POLLOCK & SHEEHAN P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI  02903-1345<br>Tel:     (401) 274-7200<br>Fax:    (401) 351-4607 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December 2010, the within document was served upon the following counsel of record via *electronic court filing (ECF)*:

Brooks R. Magratten, Esq.
bmagratten@pierceatwood.com
Michael J. Daly, Esq.
mdaly@pierceatwood.com
Pierce Atwood LLP
10 Weybosset Street, Suite 400
Providence, RI 02903

Kyle C. Bisceglie, Esq.
Kbisceglie@olshanlaw.com
Herbert C. Ross, Esq.
hross@olshanlaw.com
Peter M. Sartorius
psartorius@olshanlaw.com
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

                                               */s/ John A. Tarantino*
                                               John A. Tarantino

555602.1