UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

          Plaintiff,

     -against-

INFOGRAMES ENTERTAINMENT, S.A. a/k/a
ATARI, S.A.,

          Defendant.

C.A. No. 09 Civ. 610 (S) (LDA)

## DECLARATION OF JAMES M. PEARL

I, James M. Pearl, declare and state:

1.     I am a member of the State Bar of California and am admitted to practice before the Courts of that State and the Central District of California. I am admitted *pro hac vice* to the District of Rhode Island. I am a partner of the law firm of O'Melveny & Myers LLP, counsel of record for Plaintiff and Counterclaim-Defendant Hasbro, Inc. ("Hasbro"), in the above-captioned action. I make this declaration in support of Hasbro's Motion for Leave to Amend its Complaint and its Memorandum in Support of that Motion. I have personal knowledge of the matters stated herein, and I could and would testify competently to them if called as a witness.

2.     On Monday, November 22, 2010, I sent an email to Mr. Herbert Ross, counsel for Defendant and Counterclaim-Plaintiff Atari, S.A. ("Atari"), enclosing a draft of Hasbro's proposed Second Amended Complaint ("SAC") and asking him to let us know by Wednesday, November 24 whether Atari would stipulate to the proposed amendment. In response to Atari's request, Hasbro extended the turnaround time to Monday, November 29, 2010. Attached hereto as Exhibit 1 is a true and correct copy of this November 22, 2010 email chain. The following day, on November 23,

1

2010, I sent, at Atari's request, a blackline comparison of the SAC to the FAC. Attached hereto as

Exhibit 2 is a true and correct copy of my November 23, 2010 email to Mr. Ross.

        3.      On Monday, November 29, 2010, I again asked whether Atari was willing to

stipulate to the filing of the proposed SAC, Attached hereto as Exhibit 3 is a true and correct copy

of this November 29-30, 2010 email chain.

        4.      On December 1, 2010, Atari requested 45 days to respond to the proposed SAC in

exchange for its stipulation to allow Hasbro to file it. Atari also requested that the "entire

complaint" should be filed under seal.

        5.      I asked Atari instead to suggest redactions to the proposed SAC that would

accommodate Atari's concerns.

        6.      Later that day, I agreed that in exchange for Atari's stipulation to the proposed SAC,

Hasbro agreed that Atari could have 45 days to respond to the Second Amended Complaint.

        7.      On the evening of December 1, 2010, counsel for Atari emailed me a copy of the

proposed SAC containing suggested redactions by Atari. Attached hereto as Exhibit 4 is a true and

correct copy of Atari's December 1, 2010 email to me.

        8.      In response, I explained to Atari that, in Hasbro's view, many of the suggested

redactions were improper and did not seek to redact or seal information and facts that were

confidential.

        9.      To move ahead, however, I told counsel for Atari that (a) Hasbro was willing to file

now a stipulation with the Court agreeing that Hasbro could amend its complaint and enclosing a

redacted version of the proposed SAC (the "Stipulation"); and (b) Hasbro would reserve its rights

with respect to the propriety of Atari's suggested redactions.

10.     On December 3, 2010, Atari suggested that the parties needed to include "a motion in support" of the Stipulation. Attached hereto as Exhibit 5 is a true and correct copy of this December 2-3, 2010 email chain. On the afternoon of December 3, 2010, I exchanged emails on the mechanics of sealing the complaint with counsel for Atari. Attached hereto as Exhibit 6 is a true and correct copy of this December 3, 2010 email chain.

11.     On Monday morning, December 6, 2010, we exchanged further emails on the timing and mechanics of filing the complaint. Attached hereto as Exhibit 7 is a true and correct copy of this December 3-6, 2010 email chain.

12.     That afternoon, Atari asked Hasbro to agree to a joint motion to seal in connection with the filing of the Stipulation. I replied that Hasbro was "unwilling to agree to a joint motion to seal on certain aspects of the complaint that we do not believe should be under seal." I informed counsel for Atari that Hasbro planned to file the following day a motion to amend the complaint "with the new version of the complaint redacted to reflect Atari's proposed redactions. We will then await Atari's motion to seal, which we will be opposing in part based on the objections we discussed."

13.     That evening, counsel for Atari responded summarizing each side's position.

14.     I replied and confirmed that Hasbro was unwilling to agree to seal certain portions of the complaint that Hasbro does not believe qualify for sealing. I informed Atari of Hasbro's plans to instead file a motion to amend. Attached hereto as Exhibit 8 is a true and correct copy of this December 3-6, 2010 email chain.

15.     To date, the parties have exchanged initial rounds of written discovery, including requests for production, interrogatories, and request for admissions. Although Hasbro has produced some documents to Atari in response to Atari's requests for production, Atari has yet to produce a single document to Hasbro. No depositions have been taken by either side.

16.     Attached as Exhibit 9 to Hasbro's concurrently-filed Notice of Lodgment Under Seal is a true and correct copy of Jim Wilson's October 26, 2009 letter to Mark Blecher of Hasbro, Inc. Hasbro files this exhibit conditionally under seal, pending the outcome of Atari's anticipated motion to seal.

17.     Attached as Exhibit 10 to Hasbro's concurrently-filed Notice of Lodgment Under Seal is a true and correct copy of the February 18, 2009 Distribution Agreement between Atari Europe, S.A.S., Distribution Partners, S.A.S., and multiple Atari international subsidiaries, as that Agreement was provided to Hasbro by Atari. Hasbro files this exhibit conditionally under seal, pending the outcome of Atari's anticipated motion to seal.

18.     Attached hereto as Exhibit 11 is a true and correct copy of Atari's six-month financial report for the first half of FY 2010-2011, posted on its website on November 24, 2010.

19.     Attached hereto as Exhibit 12 is a true and correct copy of Hasbro's October 11, 2010 letter to Philip Veneziano of Atari regarding "D&D License Agreement - Audit Request."

20.     Attached hereto as Exhibit 13 is a true and correct copy of Atari's October 18, 2010 Responses and Objections to Hasbro's First Set of Requests for the Production of Documents.

21.     Attached as Exhibit 14 to Hasbro's concurrently-filed Notice of Lodgment Under Seal is a sampling of publicly available items Atari requested we file under seal. Hasbro files this exhibit conditionally under seal, pending the outcome of Atari's anticipated motion to seal.


Executed in Los Angeles, California on this 7th day of December, 2010.

By: _____
James M. Pearl

5