## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., <br><br>    Plaintiff, <br><br> -against- <br><br> INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A., <br><br>    Defendant. | C.A. No. 09 Civ. 610 (S) (LDA) |

### HASBRO, INC.'S MOTION TO COMPEL DEFENDANT ATARI, S.A. TO PRODUCE A RULE 30(b)(6) WITNESS TO TESTIFY REGARDING ALL TOPICS CONTAINED IN HASBRO'S 30(b)(6) NOTICE OF TAKING DEPOSITION

Plaintiff Hasbro, Inc. ("Hasbro") hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure and District of Rhode Island Civil Local Rule 37, for an order compelling the Defendant to produce a witness to testify knowledgeably about *all* topics contained in Hasbro's Notice of Taking Deposition of Infogrames Entertainment, S.A. a/k/a Atari, S.A. ("Atari"), dated November 23, 2010.  In support of its Motion, Hasbro relies upon the contemporaneously filed memorandum of law and the supporting Declaration of James M. Pearl.

Dated: December 23, 2010

HASBRO, INC.
By its Attorneys,

*/s/ Todd D White* _____
Todd D. White

Robert M. Schwartz (*pro hac vice*)
rschwartz@omm.com
Matthew T. Kline (*pro hac vice*)
mkline@omm.com
James Bo Pearl (*pro hac vice*)
jpearl@omm.com
Drew E. Breuder (*pro hac vice*)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Tel: (310) 553-6700
Fax: (310) 246-6779

John A. Tarantino, Esq. (#2586)
jtarantino@apslaw.com
Todd D. White, Esq. (#5943)
twhite@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATE OF SERVICE

 I hereby certify that on the 23rd day of December 2010, the within document was served upon the following counsel of record via electronic mail and United States First Class Mail:

Brooks R. Magratten, Esq.
bmagratten@pierceatwood.com
Michael J. Daly, Esq.
mdaly@pierceatwood.com
Pierce Atwood LLP
10 Weybosset Street, Suite 400
Providence, RI 02903

Kyle C. Bisceglie, Esq.
Kbisceglie@olshanlaw.com
Herbert C. Ross, Esq.
hross@olshanlaw.com
Peter M. Sartorius
psartorius@olshanlaw.com
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

            */s/ Todd D. White*_____
            Todd D. White

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

                Plaintiff,

         -against-

INFOGRAMES ENTERTAINMENT, S.A.
a/k/a ATARI, S.A.,

                Defendant.

C.A. No. 09 Civ. 610 (S) (LDA)

## MEMORANDUM OF LAW IN SUPPORT OF HASBRO, INC.'S MOTION TO COMPEL DEFENDANT ATARI, S.A. TO PRODUCE A RULE 30(b)(6) WITNESS TO TESTIFY REGARDING ALL TOPICS CONTAINED IN HASBRO'S 30(b)(6) NOTICE OF TAKING DEPOSITION

Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this memorandum of law in support of its Motion to Compel Defendant Atari, S.A. ("Atari") to Produce a Rule 30(b)(6) Witness to Testify Regarding All Topics Contained in Hasbro's 30(b)(6) Notice of Taking Deposition. Hasbro files this motion because Atari has refused to designate a corporate witness to testify about how Atari intends to locate and produce documents in this case, a subject clearly discoverable under Rule 26. Hasbro's need for this information is acute in this case for three principal reasons.

First, in 2009, Atari sold its international operations, including management of the Dungeons & Dragons franchise, to one of Hasbro's chief competitors, Namco Bandai. Hasbro needs to know whether Atari will be producing documents for the individuals involved in these transactions, whether those documents are still under Atari's custody and control, and whether the documents for these individuals have been properly preserved.

Second, Atari has repeatedly asserted that privacy objections and other restrictions in place in Europe protect against disclosure of some or all of its documents located abroad. Hasbro needs to know whether Atari is selecting European custodians for production so it can determine whether to litigate these objections. Yet Atari has refused to specify which restrictions or regulations they believe apply, or whether they intend to turn over *any* discoverable materials stored abroad.

Third, Atari has experienced severe attrition in its executive ranks both domestically and abroad, and key witnesses have left the company. Accordingly, Hasbro needs to know which employees have responsibility for issues covered by the document requests, whether Atari has been preserving files for these employees and their predecessors, and ultimately whether these documents will be produced.

Atari has objected to producing a witness on these topics primarily on privilege and burden grounds. There is no privilege or work product protection, however, that applies to the discovery of factual information such as whose files were searched for documents, where those files are, and whether those individuals were involved in the transactions at issue. Atari's "burden" arguments are similarly hollow. Hasbro sought a voluntary exchange of this information, without the expense of a deposition. Atari refused and left Hasbro with little choice: either accept Atari's black box approach to discovery that will inevitably lead to later motion practice, or resolve production issues early through a transparent exchange of discoverable information.

Atari's sweeping general objections to this deposition are without merit and should be overruled. Therefore, Hasbro respectfully requests that the Court order Atari to comply with its discovery obligations—to prepare and educate 30(b)(6) witnesses to testify knowledgeably about

*each* topic contained in Hasbro's Deposition Notice. Furthermore, because the Deposition Notice concerns only procedural document production issues, Hasbro respectfully requests that the Court grant Hasbro leave to conduct an additional 30(b)(6) deposition on the substantive merits issues of the case at an appropriate future time.

**I.     FACTUAL BACKGROUND**

On September 15, 2010, Hasbro served its First Request for the Production of Documents to Atari (the "First Request"). In the more than three months that have passed since then, Hasbro has not received a single document in response to its request. *See* Declaration of James M. Pearl ("Pearl Decl.") at ¶ 2 (filed concurrently herewith). Atari has also refused multiple requests to engage in voluntary conversations concerning its document production process. *See id.* at ¶¶ 3-5. Atari's complete lack of cooperation has left Hasbro entirely in the dark regarding Atari's discovery procedures and has removed the transparency and accountability afforded by Rule 26.

Therefore, on November 23, 2010—after several fruitless attempts to obtain this information informally—Hasbro served its Notice of Taking Deposition of Atari and Request for Production of Documents (the "Deposition Notice"). In the Deposition Notice, Hasbro described the intended "Subjects for Examination" for the Rule 30(b)(6) deposition of Atari's corporate designee. The subject matter for the deposition was limited to inquiries about procedural discovery issues, including the people and places Atari is searching for discoverable material. The Deposition Notice provided that the deposition would take place "on December 20, 2010, beginning at 9:30 a.m. at the offices of O'Melveny & Myers LLP, 1999 Avenue of the Stars, Ste. 700, Los Angeles, California, or at such other time and place as the parties may agree." *See* Pearl Decl. ¶ 6, Ex. 3 (Deposition Notice).

Over the course of several weeks, counsel for Hasbro repeatedly asked Atari to indicate whether it intended to designate a witness to sit for the Rule 30(b)(6) deposition. *Id.* at ¶ 7. On

December 15, 2010, Atari finally filed its "Responses and Objections to Plaintiff and Counterclaim-Defendant Hasbro, Inc.'s Notice of Taking Deposition of Infogrames Entertainment, S.A. Pursuant to F.R.C.P. 30(b)(6)" (the "Response"). In the Response, Atari objected to the Deposition Notice as overly broad and unduly burdensome, seeking information that is not relevant, and premature. In addition, Atari refused to designate a witness for Subject for Examination No. 2, asserting the protection of the work product and attorney-client privilege doctrines. Finally, Atari objected that the proposed deposition location was unduly burdensome and indicated that it would be "far less burdensome for the requested deposition to take place near Atari's offices in New York." *Id*. ¶ 8, Ex. 4 (Atari's Response).

Despite its good faith attempts to do so, Hasbro was unable to resolve these issues with Atari. Therefore, in order to prevent further delay, Hasbro seeks the relief described herein.

## II.   ARGUMENT

The substantive objections raised by Atari in response to Hasbro's Deposition Notice are without merit and should be rejected in their entirety.[1]

### A.   Atari Should be Compelled to Prepare a Witness to Respond to All Subjects in Hasbro's Deposition Notice Because All are Relevant Under Rule 26(b)(1).

Atari objects to all four Subjects for Examination with boilerplate relevance objections. Rule 26, however, explicitly designates the precise facts sought by Hasbro as discoverable, including "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1). The 2000 Amendments offer "[i]nformation about organizational arrangements or filing systems of a party" as another example of potentially

---

[1] In response to Atari's sole procedural objection—that conducting the deposition in California would be unduly burdensome—Hasbro is amenable to agreeing upon a time and location to conduct the deposition in New York, as requested.

discoverable facts. FED. R. CIV. P. 26(b)(1) Advisory Committee's Note. At their core, the four subjects listed in Hasbro's Deposition Notice relate to: 1) the location and methods of Atari's document and data storage and preservation; 2) relevant retention, deletion, and destruction policies; 3) the identity and roles of past and present employees who may have discoverable material; and 4) the methods and techniques being employed by Atari to locate and turn over discoverable material. Pearl Decl. ¶ 6, Ex. 3 (Deposition Notice). All of these inquiries are relevant under Rule 26(b)(1) as they are all reasonably calculated to lead to the discovery of admissible evidence.

Courts have followed the mandates of Rule 26—and have compelled discovery of the type of information sought by Hasbro's Deposition Notice—through depositions of records custodians and corporate designees. In *Frontier Communications*, plaintiff Frontier moved to compel a 30(b)(6) deposition specifically addressing the defendant's document production. *See Frontier Commc'n Corp. v. Barrett Paving Materials*, No. 1:07-cv-00113-GZS, 2010 WL 1854086, at *2 (D. Me. May 7, 2010). Frontier objected to the idea that the defendant could simply certify that it had complied with its obligations and thus end the inquiry. Frontier asserted, as Hasbro herein asserts, that a litigant is not simply obligated to accept a "black box" approach to document production by the other side. *See id.* at *5. The court agreed and granted Frontier's motion to compel a deposition addressing the defendant's document storage, the methods used to select documents for production, and other questions related to the nature and extent of the defendant's documents. *Id. See also Doe v. District of Columbia*, 230 F.R.D. 47, 55-56 (D.D.C. 2005) (compelling defendant to respond to inquiries pertaining to "document retention policies and procedures, and the process used to collect the documents" to be produced). Here, Hasbro is similarly requesting a narrowly tailored deposition regarding where

Atari stores its documents, which custodians' records Atari preserved, and whose documents Atari will be producing. Like the defendant in *Frontier*, Atari should not be allowed to simply certify its own full compliance with its discovery obligations.

> **B.  Atari's Specific Objections to Subject No. 2 are Unfounded Because the Attorney-Client Privilege and Work Product Doctrines are Inapplicable to the Factual Information Being Sought.**

Atari refuses to designate a witness to answer any questions regarding Subject for Examination No. 2 of Hasbro's Deposition Notice. Subject No. 2 seeks the following information:

> How ATARI has responded and intends to respond to HASBRO's DOCUMENT REQUESTS, including the method and manner of ATARI's preservation of relevant DOCUMENTS (including with respect to former and departing employees), the suspension of deletion or destruction policies, the identity, roles, and *D&D*-related responsibilities of ATARI's current and former employees who may have or have had responsive DOCUMENTS, the identity of persons whose electronic and paper files ATARI intends to search in producing responsive DOCUMENTS, the storage places and electronic media ATARI has searched or will search, and any search techniques, search terms, or review procedures ATARI is using to find and produce responsive DOCUMENTS.

Pearl Decl. ¶ 6, Ex. 3 (Deposition Notice). In response, Atari protests that "[t]he manner by which Atari has responded or intends to respond in the future to Hasbro's Document Requests necessarily includes advice received by Atari from legal counsel or otherwise reflects the legal conclusions or mental impressions of Atari's counsel." *Id*. ¶8, Ex. 4 (Atari's Response) at 4. Not so. These topics seek purely factual information that is not protected by the work product doctrine or the attorney-client privilege.

> 1.  **Work Product Doctrine.**

The work product doctrine protects an attorney's written materials and mental impressions, created and formed in the course of performing legal duties for a client. *See Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). While the doctrine safeguards the documents

6

prepared by an attorney, under no circumstances does it shield the underlying facts contained in such documents from discovery. *See, e.g.*, *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product."); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 627-29 (N.D. Okla. 2009) (explicating the limits of the work product doctrine, particularly with regard to factual information). As such, the work product doctrine does not protect facts even if those facts were attained through the efforts of the attorney, or if the information is known only to the attorney. *Oklahoma*, 262 F.R.D. at 628-29. Finally, "[e]fforts to draw sharp lines between facts and opinions have invariably been unsuccessful," and the "clear trend" is to allow discovery of "factual opinions." *Id.* at 630.

In Subject No. 2, Hasbro does not seek confidential documents or materials prepared by Atari's counsel. Nor is Hasbro asking Atari to disclose the advice communicated to Atari's employees by counsel during the discovery process. Instead, Hasbro seeks *factual* information concerning the identity of current and former Atari employees who may be in possession of responsive documents, and Atari's procedures in preserving, locating, and turning over discoverable material. As previously discussed, this kind of custodial and procedural information is routinely discoverable. Therefore, Atari has no basis for asserting the work product doctrine in defense of its refusal to designate a 30(b)(6) witness for Subject No. 2.

  2. **Attorney-Client Privilege**

Like the work product doctrine, the attorney-client privilege does not protect underlying factual information incorporated into communications between the attorney and client—it only protects the communication itself. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). In diversity cases like this one, state law governs the scope of the attorney-client

7

privilege. *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007). Rhode Island follows the Supreme Court holding in *Upjohn*, limiting the protection of the privilege to preventing disclosure of the communications themselves, not of the underlying facts. *See Upjohn*, 449 U.S. at 395-96; *Langley v. Providence Coll.*, No. PC 2005-5702, 2009 R.I. Super. LEXIS 74, at *122 (R.I. Super. July 1, 2009).

Hasbro does not seek to elicit confidential communications between Atari's employees and counsel. Instead, in Subject No. 2, Hasbro requests factual information regarding who has responsive documents, where Atari is searching to find responsive material, and what procedures were put in place to ensure that all discoverable material is preserved and produced. At its essence, the questions boil down to what Atari is doing to meet its discovery obligations. This type of factual information clearly falls outside the scope of the privilege doctrine. Consequently, Atari cannot hide behind the attorney-client privilege and must designate a witness to answer questions regarding Subject No. 2.

### C. Atari Cannot Avoid its Obligations Under Rule 30(b)(6) Because Preparation of its Witnesses Might be Burdensome.

Atari objects that each of the four Subjects for Examination is "overly broad" and "unduly burdensome." Pearl Decl. ¶ 8, Ex. 4 (Atari's Response) at 2. Several courts have recognized that adequately preparing a corporate designee for a 30(b)(6) motion can be an onerous process. *See, e.g.*, *Great Am. Ins. Co. v. Vegas Constr. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008) (acknowledging the difficulties that can be encountered in adequately preparing a 30(b)(6) witness, but imposing sanctions on a corporation that failed to do so); *Calzaturficio v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001) ("Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed.") Nevertheless, as these courts have

8

also recognized, the Federal Rules require that a corporation take on that burden as part of the "concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996).

Moreover, the only reason for Hasbro's allegedly "burdensome" deposition is Atari's refusal to provide this information informally. Hasbro's proactive efforts to resolve these issues, both informally and through the Court, are in accord with the Federal Rules, which encourage early resolution of discovery matters. Contrary to Atari's objections to the Deposition Notice, granting this motion will save time and money for both parties—by resolving these discovery issues now, long before the discovery deadlines or trial. Therefore, Atari should be ordered to prepare a designee to answer questions on its behalf, regarding all four Subjects for Examination, based on "all matters known or reasonably available" to Atari. *See id.*

### D. Atari's Objection that Hasbro's Requests are "Premature" is Without Merit and has no Basis in Law.

Atari objects that Hasbro's Deposition Notice is "premature" because (1) "Atari requires additional time to identify and prepare witnesses," (2) "parties have not yet engaged in document discovery," and (3) "Hasbro has sought leave to amend its complaint . . . which will affect the scope of this litigation and the scope of discovery." Pearl Decl. ¶ 8, Ex. 4 (Atari's Response) at 2. This objection lacks foundation in the Federal Rules or legal precedent.

As to the objection that Atari requires additional time to designate and prepare its witness, Hasbro's Deposition Notice, which was filed on November 23, 2010, proposed that the deposition take place on December 20, 2010. Atari has had plenty of time to prepare for the deposition but, because of its delay, that date has come and gone and the parties will have to select a new time and place. The facts sought are readily available to Atari and, upon resolution of this motion, the deposition should be ordered without any further delay.

9

Atari's second objection—that the parties have not yet engaged in document discovery—is both inaccurate and inapposite. While it is true that the actual production of documents is still in its early stages, Hasbro filed its First Request on September 15, 2010. Pearl Decl. ¶ 2. Furthermore, Hasbro is seeking the information included in this Deposition Notice in order to focus and facilitate the process of document discovery. Therefore, it is irrelevant that the parties have not yet fully engaged in or completed document discovery. In fact, if document production were complete, the proposed deposition would be too late to serve its purpose.

Finally, Atari's objection that the deposition would be premature because Hasbro has sought leave to amend its complaint is specious. *See* Docket No. 50 (Hasbro's motion for leave to amend complaint). The scope of the pleadings will be resolved and Hasbro's motion to amend will be decided well before this motion is ruled upon. What is substantively in and out of the case will be settled, and Atari will have had months to prepare for the procedural topics listed in Hasbro's Deposition Notice.

### E. Hasbro Should Not be Limited to a Single Rule 30(b)(6) Motion Due to the Extremely Limited, Procedural Nature of the Subjects Included in its Deposition Notice.

Finally, Hasbro seeks this Court's leave to perform an additional, substantive 30(b)(6) deposition in the future, given the limited, procedural nature of the present 30(b)(6) Deposition Notice. Hasbro has not located any cases definitively addressing whether a party must seek leave of court to conduct a second 30(b)(6) deposition when the first is limited to *procedural* or non-merit-based topics. Furthermore, there is disagreement amongst the courts as to whether Rule 30(a)(2)(A)(ii)—requiring leave of court to take another deposition if the deponent has already been deposed—applies to 30(b)(6) designees at all, given that a single 30(b)(6) deposition may involve multiple witnesses and various sessions. FED. R. CIV. P. 30(a)(2)(A)(ii). *Compare State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234-35 (E.D.

Pa. 2008) (following courts requiring leave before a party make take a second 30(b)(6) deposition) *with Quality Aero Tech., Inc. v. Telemetrie Elektronik, GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (granting a motion to compel a second 30(b)(6) deposition and explaining how "30(b)(6) depositions are different" from those of individuals). The only case in this circuit remotely dealing with the number of permissible 30(b)(6) depositions involved non-parties, who are clearly subject to much more limited burdens than parties (especially cross-claimants) to an action, and in any event is easily distinguishable. In *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001), the First Circuit held that the district court's decision to quash a subpoena for a second *substantive* 30(b)(6) deposition was not "plainly wrong" because the second Rule 30(b)(6) subpoena was issued a full year after the first deposition, it was issued without leave of court, and such leave had already been effectively denied by the rejection of a general request for additional discovery. *Id.* at 192-93. Of course, none of those circumstances apply here.

Unlike *Ameristar* and other cases discussing the propriety of allowing a second 30(b)(6) deposition, Hasbro's first deposition is only procedural—not substantive—in nature. *See id.*; *State Farm*, 254 F.R.D. at 234-35. In addition, Hasbro is notifying the Court of its intention to conduct a second deposition, and asking for leave to do so, before conducting the first 30(b)(6) deposition. Hasbro's motive is not to obtain a strategic advantage or burden Atari with additional costs. *Cf. State Farm*, 254 F.R.D. at 235 (citing costs and unfair strategic advantage due to "multiple bites at the apple, each time with better information," as reasons to require leave of court for a second substantive 30(b)(6) deposition). On the contrary, Hasbro believes that conducting a very limited procedural non-merits deposition in these early stages of discovery will save both parties time and money. Forcing Hasbro to incorporate questions about

11

substantive issues into this preliminary 30(b)(6) deposition would be counter-productive, as Hasbro has not had the opportunity to refine its inquiries based on information learned in discovery.

Furthermore, neither the Federal Rules nor courts explicitly limit the number of 30(b)(6) depositions. At most, they require that the party requesting the second deposition obtain leave of court. Rule 26(b)(2) allows the Court to grant leave to conduct multiple depositions unless "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information," or the burden or expense outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C). Once again, because the Deposition Notice is limited to procedural—as opposed to substantive—information, Hasbro's request for leave to conduct an additional, substantive 30(b)(6) deposition at a future date meets these requirements and should be granted.

## III. CONCLUSION

For all the foregoing reasons, Hasbro respectfully requests that the Court (1) issue an order compelling Atari to produce a corporate designee that can testify about each topic contained in Hasbro's 30(b)(6) Deposition Notice; and (2) grant Hasbro leave to conduct a second, substantive 30(b)(6) deposition of Atari in the future.

Dated: December 23, 2010

HASBRO, INC.
By its Attorneys,

*/s/ Todd D. White*
Todd D. White

Robert M. Schwartz (*pro hac vice*)
rschwartz@omm.com
Matthew T. Kline (*pro hac vice*)
mkline@omm.com
James Bo Pearl (*pro hac vice*)
jpearl@omm.com
Drew E. Breuder (*pro hac vice*)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Tel: (310) 553-6700
Fax: (310) 246-6779

John A. Tarantino, Esq. (#2586)
jtarantino@apslaw.com
Todd D. White, Esq. (#5943)
twhite@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 23rd day of December 2010, the within document was served upon the following counsel of record via electronic mail and United States First Class Mail:

Brooks R. Magratten, Esq.
bmagratten@pierceatwood.com
Michael J. Daly, Esq.
mdaly@pierceatwood.com
Pierce Atwood LLP
10 Weybosset Street, Suite 400
Providence, RI 02903

Kyle C. Bisceglie, Esq.
Kbisceglie@olshanlaw.com
Herbert C. Ross, Esq.
hross@olshanlaw.com
Peter M. Sartorius
psartorius@olshanlaw.com
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

        */s/ Todd D. White*
        Todd D. White