UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., | C.A. 09-610 (S) |
| Plaintiff, | |
| -against- | |
| INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A., | |
| Defendant. | |

## DEFENDANT ATARI, SA'S OBJECTION TO PLAINTIFF HASBRO, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant and counterclaim-plaintiff Atari, SA (a/k/a Infogrames Entertainment, SA) ("Atari") objects to plaintiff and counterclaim-defendant Hasbro Inc.'s Motion For Leave to File Second Amended Complaint on the grounds that Hasbro has unduly delayed in seeking leave to file this amendment, Hasbro seeks to amend its pleading for improper purposes, and the proposed Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Atari respectfully requests hearing on its objection and estimates that such hearing will last 30 minutes.

Dated: Providence, Rhode Island
       December 27, 2010

                PIERCE ATWOOD LLP


                By:   /s/ Michael J. Daly
                      Brooks R. Magratten
                      Michael J. Daly
                      10 Weybosset Street, Suite 400
                      Providence, Rhode Island 02903
                      (t) (401) 588-5113
                      (f) (401) 588-5166
                      bmagratten@pierceatwood.com
                      mdaly@pierceatwood.com


                              -and-

                OLSHAN GRUNDMAN FROME
                ROSENZWEIG & WOLOSKY LLP

                      Kyle C. Bisceglie, *admitted pro hac vice*
                      Herbert C. Ross, *admitted pro hac vice*
                      Peter M. Sartorius
                      Park Avenue Tower
                      65 East 55th Street
                      New York, New York 10022
                      (t) (212) 451-2300
                      (f) (212) 451-2222
                      kbisceglie@olshanlaw.com
                      hross@olshanlaw.com
                      psartorius@olshanlaw.com

                      *Attorneys for Defendant*
                      *and Counterclaim-Plaintiff Atari, SA*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., | C.A. 09-610 (S) |
| Plaintiff, | |
| -against- | |
| INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A., | |
| Defendant. | |

**DEFENDANT ATARI, SA'S MEMORANDUM IN SUPPORT OF
ITS OBJECTION TO PLAINTIFF HASBRO, INC.'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

This memorandum of law is submitted on behalf of defendant and counterclaim-plaintiff Atari, SA ("Atari") in opposition to the motion of plaintiff and counterclaim-defendant Hasbro, Inc. ("Hasbro") for leave to file a second amended complaint in this action.

<u>Introduction</u>

Apparently not satisfied with either of its two prior pleadings, by this motion Hasbro seeks yet another amendment of its complaint, requesting the Court's permission for yet a third bite at the apple.

Hasbro filed its initial Complaint in December 2009 and filed its Amended Complaint in May 2010. To support its current motion, Hasbro claims that a second amendment to its pleading is now necessary for two equally unavailing reasons. First, Hasbro claims that its proposed amendment arises from factual developments that have occurred since the filing of its Amended Complaint in May 2010, and that if it is not given leave to amend, these "new" claims will be lost forever. Second, Hasbro claims its requested amendment is necessary in order to add

1161471-2

factual allegations and name additional Atari subsidiaries as defendants in this action for the sole purpose of expanding the scope of discovery Atari will be required to produce in this litigation. As demonstrated below, each of these alternative rationales relied upon by Hasbro is purely pretextual or otherwise wholly improper, and is thus easily dispensed with.  As Hasbro has already once amended its Complaint, and Hasbro has not obtained Atari's permission to do so again, whether to grant Hasbro leave to file its proposed Second Amended Complaint is in the sole discretion of the Court.  As Hasbro does not seek to amend its pleading for a legitimate or good faith reason, and the "new" facts that it bases its amendment upon have been known to Hasbro for over a year, Atari respectfully requests the Court deny Hasbro's motion.

<u>Argument</u>

I

<u>HASBRO HAS UNDULY DELAYED IN SEEKING TO AMEND</u>

Hasbro claims that it has recently become aware of new factual developments that necessitate a second amendment to its pleadings.  That claim is untrue.  Many of the purported "new" factual circumstances upon which Hasbro relies are already alleged in its original Complaint and its Amended Complaint, or were otherwise well-known to Hasbro at the time of its commencement of this action over a year ago.  In these circumstances, Hasbro should not be permitted to amend its pleading yet again.

While Rule 15 of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires . . . parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." *Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517 (1st Cir. 1989) (affirming denial of motion to amend

4

counterclaim).  "A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations."  *Id.*  "Whether the proposed amendment would unfairly prejudice the opposing party, whether the party seeking the amendment has exercised due diligence, and whether the proposed amendment involves futility, unseemly delay, bad faith, or waste of the court's or the parties' resources are all factors which may be considered."  *Weber v. Sanborn*, 526 F. Supp. 2d 135, 140-41 (D. Mass. 2007) (unjustified delay in seeking leave to amend warranted denial of motion to amend).  When a movant "has no adequate explanation for the delay," or "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint," denial of the motion is appropriate. *H.E. Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366-67 (10th Cir. 1993) (affirming district court's denial of motion to amend).  *See also Quaker State Oil*, 884 F.2d at 1518 ("relevant indicators [that] point uniformly toward disallowance" include whether the facts upon which the motion to amend is based were known to the party throughout, and whether the moving party proffered a satisfactory explanation for its delay).  Such is the case here.

Recognizing it has no reasonable excuse for its undue delay in seeking to add claims based on factual circumstances it was aware of at the commencement of this action over a year ago, Hasbro tries to convince the Court that it has only "recently discovered" them.  (Hasbro Mem. at 5 - 7.)  As demonstrated below, Hasbro's transparent attempts fail, and it has not offered an adequate explanation for its delay other than to harass Atari.  In these circumstances, Hasbro's motion for leave to amend should be denied. *Louis v. Flagship Airlines, Inc.*, 181 F.3d 79, 1999

5

WL 525947, *3 (1st Cir. 1999) (Four-month delay in amending complaint after discovery of facts purportedly necessitating amendment constitutes "undue delay").[1]

A.    Allegations as to Atari's Purported Misrepresentations
      Regarding the Distribution Agreement

In support of its motion, Hasbro claims that it has recently learned, in correspondence exchanged prior to commencement of this action, that Atari allegedly misrepresented its relationship with Namco Bandai as well as the terms of a Distribution Agreement between Atari and Namco Bandai. Specifically, Hasbro contends in its memorandum of law in support of this motion that "since the filing of the [Amended Complaint] in May 2010, Hasbro has learned that Jim Wilson—then-President and CEO of Atari, Inc.—misrepresented in an October 2009 letter to Hasbro the contents of the Distribution Agreement between Atari and non-party Distribution Partners." (Hasbro Mem. at 6.) According to Hasbro, "[i]n his letter, Mr. Wilson characterized the Distribution Agreement as excluding Hasbro video game titles." (Hasbro Mem. at 6.) Thus, Hasbro alleges in its proposed Second Amended Complaint that Mr. Wilson's characterization was false, the alleged falsity of this characterization has only recently been discovered by Hasbro, and that this recent revelation requires a further amendment to its pleadings. (Hasbro Mem. at 6.) As demonstrated below, Hasbro's reliance on this purported "revelation" to support this motion is misplaced.

---

[1] The only arguably newly-discovered claim sought to be introduced by the Second Amended Complaint is the claim that Atari breached a contractual provision as to auditing of royalty payments. While a factually baseless claim, the claim does relate to a dispute that arose after filing of the Amended Complaint. However, rather than restricting itself to adding only this claim, as explained above, Hasbro has proposed a Second Amended Complaint that seeks to add (i) claims or allegations known to it when it commenced the action, and now sought to be introduced for improper purposes, and (ii) lurid allegations that are aimed only to harm Atari's public reputation and compel it to bend to Hasbro's demands in this litigation. Accordingly, leave to file should not be granted for such an improper proposed Second Amended Complaint.

1161471-2

A cursory review of Hasbro's Amended Complaint filed in May 2010 and its Complaint filed in December 2009, reveals that this rationale for amendment is disingenuous as this purported "new" revelation is already alleged in both of Hasbro's prior pleadings.

For example, in support of its fraud claim in its original Complaint, Hasbro alleged that

> James Wilson stated in writing on October 26, 2009 that Namco Bandai was not granted any rights to D&D Digital Games under Atari's Distribution Agreement with Namco Bandai, and that Atari had terminated its wholesaling relationship with Namco Bandai as of at least September 11, 2009

(Compl., Docket No. 1, at ¶ 154.)   Hasbro then alleges in paragraph 157 of the original Complaint that this statement and others "were false when made and were made with knowledge of their falsity."  Hasbro's Amended Complaint contains nearly identical allegations, namely in paragraphs 201 and 204.  (Am. Compl., Docket No. 31.)

Thus, the allegation that Wilson lied about the contents of the Distribution Agreement is not "new" in any sense and provides no basis for Hasbro's seeking leave to amend its Amended Complaint.

B.     Atari's Financial Condition Has Always Been Known to Hasbro

Hasbro likewise claims that it has recently learned that Atari's financial condition calls into question its ability to perform under the License Agreement which, according to Hasbro, would constitute further grounds entitling Hasbro to terminate the License Agreement.  (Hasbro Mem. at 7.)  Hasbro argues that a second amendment to its pleadings is necessary in order to plead Atari's purportedly "systematic" underperformance allegedly caused by Atari's financial condition which, according to Hasbro, it only recently discovered.  (Hasbro Mem. at 10.)  In support of its argument, Hasbro attaches Atari's financial statements for the period ending November 30, 2010, which, according to Hasbro, illustrate Atari's poor financial health.

(Hasbro Mem. at 7.) This supposedly "newly discovered evidence" rationale for amendment is false.

As Atari's licensor, Hasbro has always been very familiar with Atari's performance under the License Agreement. In fact, the parties' License Agreement that is at the center of this action requires Atari to submit periodic royalty reports to Hasbro, provides a minimum guaranteed royalty Atari is required to meet every year, and requires minimum property development expenditures by Atari. Hasbro has never before suggested that Atari has failed to meet any of these obligations. Tellingly, neither Hasbro's original Complaint nor its Amended Complaint make any mention of them or call into question Atari's general performance under the License Agreement.

Likewise, as a publicly-traded company, Atari's financial condition is—and has been since commencement of the License Agreement in June 2005—a matter of public record and also well-known to Hasbro. Indeed, the document Hasbro attaches to its motion papers in support of this motion is a copy of Atari's financial report for the first half of fiscal year 2010-2011 which Hasbro concedes was posted on Atari's corporate website on November 24, 2010. (Pearl Decl. ¶ 18.) What Hasbro fails to account for is that this same Atari corporate website, as well as numerous other public resources, has likewise contained detailed quarterly and year-end financial reports for Atari from 2005 to the present. Accordingly, Hasbro has had access to detailed information concerning Atari's financial condition for years. As a publicly-traded company, Atari is required to make such periodic detailed financial disclosures. For Hasbro to claim ignorance and argue that Atari's financial condition is "newly discovered" information that necessitates a second amendment to Hasbro's pleading is nonsense.

8

Accordingly, Hasbro's first stated rationale for amendment, *i.e.*, that it is based on "newly discovered" information, is both baseless and pretextual.

Therefore, Hasbro has failed to explain why it omitted these allegations from the original Complaint and the Amended Complaint, or why, considering the already-pending allegations, justice requires amendment. *Quaker State Oil*, 884 F.2d at 1517 (denying leave to amend where party seeking amendment "never proffered a satisfactory explanation for its delay"). Due to Hasbro's undue delay in seeking to amend, this motion should be denied. *See Louis*, 1999 WL 525947 at *3 (four-month delay in amending complaint after discovery of facts purportedly necessitating amendment constitutes "undue delay" barring leave to amend).

## II

### HASBRO SEEKS A SECOND AMENDMENT IN ORDER TO PROCURE OVER-REACHING DISCOVERY

Rather than seeking to amend its pleading for any legitimate purpose, Hasbro's motion papers reveal that its true motivation is to tailor its pleading in such a way so as to expand the scope of this litigation artificially in order to accomplish its over-reaching discovery objectives. Hasbro makes no attempt to hide this fact in its motion papers or in its prior correspondence with Atari's counsel.

According to Hasbro's motion papers,

> Atari has deprived Hasbro of basic discovery about the issues in dispute by improperly hiding behind the absence of Atari's affiliates as co-defendants. Thus, the Second Amended Complaint names other Atari entities as defendants and bolsters the pleading's factual allegations to eliminate any basis for Atari to deprive Hasbro of the information it needs to present its case.

(Hasbro Motion at 2) (emphasis supplied); (*see also* Hasbro Mem. at 8 - 9). This rationale is demonstrably false. Hasbro cannot point to any time or place where Atari has argued that

discovery sought from Atari should not embrace discovery from its two subsidiaries that Hasbro now seeks to add as defendants in this action.

In other words, since Atari has limited the discovery it has agreed to provide Hasbro to that which is relevant or reasonably calculated to lead to the discovery of admissible evidence as to the claims and defenses asserted in Hasbro's Amended Complaint (as is consistent with, and required by, Rule 26 of the Federal Rules of Civil Procedure), Hasbro now wishes to re-write its pleading yet again, except this time for the sole purpose of broadening the issues in dispute in order to obtain a much broader range of discovery from Atari than what would be appropriate under the Amended Complaint.

Hasbro's true motivations cannot be made any more clear than in the November 8, 2010 letter of James Pearl, counsel for Hasbro, regarding Atari's objections to the unduly burdensome and vast overbreadth of Hasbro's document requests. In that letter, Mr. Pearl confirmed,

> [W]e intend to amend our complaint in ways that will have the additional effect of eliminating any basis to assert that Hasbro's discovery is outside of the scope of its claims against Atari.

(Ross Decl. Ex. A at p.2.) Based on its own admissions in its motion papers and in its November 8th correspondence, it is clear that, by this motion, Hasbro is not acting in good faith and seeks to abuse the judicial process to impose massively burdensome and irrelevant discovery demands on Atari. Hasbro's above admissions of its untoward motive is further reason to deny its motion.

By its proposed Second Amended Complaint, Hasbro has lived up to its threat of expanding the scope of this litigation artificially in order to subject Atari to massive and abusive discovery demands. Nowhere in either the original Complaint or the Amended Complaint does Hasbro allege that Atari failed to adequately exploit the rights granted to Atari under the License Agreement. In fact, at no time prior to this motion has Hasbro raised this issue. Up until this motion, this has been a non-issue, as Hasbro has been intimately aware of the degree to which

10

Atari has exploited the rights granted to it by the License Agreement since its commencement in June 2005. Yet Hasbro has nevertheless sought broad discovery on this issue. Its First Request for the Production of Documents, dated September 15, 2010, demanded production of every scrap of paper in Atari's possession concerning every aspect of Atari's activities concerning its exploitation of the rights granted by the License Agreement from June 2005 to the present. In addition to being absurdly burdensome and virtually impossible to comply with, such a broad request necessarily encompasses issues that are in no way relevant to any of the claims or defenses asserted in the Amended Complaint.

In response to Atari's refusal to provide unlimited discovery on such an unduly broad topic, Hasbro has simply sought leave to amend its Amended Complaint to import this non-issue into the parties' dispute, as Mr. James had promised to do in his November 8th letter. (Ross Decl. Ex. A at p.2) ("[W] intend to amend out complaint in ways that will have the additional effect of eliminating any basis to assert that Hasbro's discovery is outside of the scope of its claims against Atari."). This is an egregious example, but only one of many that reveal Hasbro's true, improper motivations underlying its motion for leave to amend the Amended Complaint.

In addition to expanding the scope of issues in dispute in this action to provide a vehicle for abusive discovery, Hasbro also seeks by this motion to name additional Atari subsidiaries as defendants. As it concedes in its motion papers, Hasbro does not seek to add Atari subsidiaries Atari, Inc. and Atari Interactive, Inc. because Hasbro recently discovered their affiliation with Atari. Nor can it, since Hasbro has known of and dealt with these subsidiaries for many years in connection with the License Agreement. Nor does Hasbro seek to add these Atari subsidiaries because Hasbro recently discovered that they are parties to the License Agreement between Hasbro and Atari at the heart of this litigation (they are not).

1161471-2

Rather than seeking to add these Atari subsidiaries for any such legitimate purpose, Hasbro again admits that it only seeks to add these additional entities in order "to forestall any [supposed] further evasion by Atari of its discovery obligations."   (Hasbro Mem. at 9.)   Of course, naming an individual or entity as a defendant in an action for the sole purpose of obtaining discovery from that party—as Hasbro admits it seeks leave to do by this motion—is an inexcusable abuse of the judicial process and the very definition of vexatious and frivolous litigation.  Clearly, Hasbro should not be permitted to amend its pleading a second time for such an improper purpose.

Since it is apparent that Hasbro's intentions are discovery-related, it is noted that the Federal Rules of Civil Procedure provide several tools to enable a litigant such as Hasbro to obtain discovery from non-parties; seeking an amendment of its pleading by Rule 15 is not one of them.   First, Rule 34 requires Atari to produce relevant material in response to Hasbro's discovery requests if Atari is in possession, custody, or control of such material.  At no time has Atari indicated it would not diligently comply with this obligation, whether any relevant material is in its own possession or in the possession of one of its subsidiaries under its control. Furthermore, should Atari fail to comply with its discovery obligations, Hasbro has the ability to seek the Court's intervention to compel compliance through a Rule 27 motion to compel, a step Hasbro has recently undertaken by its motion dated December 23, 2010 (Docket No. 57).

Second, even were Atari to refuse to provide discovery from one of its subsidiaries such as Atari, Inc. or Atari Interactive, Inc. (which Atari has not done nor does it intend to do), the Federal Rules of Civil Procedure permit Hasbro to seek discovery directly from such a non-party through the issuance of a subpoena pursuant to Rule 45.

1161471-2

Given these and other appropriate mechanisms to obtain necessary discovery in this action, and Atari's never objecting to provide discovery from subsidiaries under its control, Hasbro's use of Rule 15 to amend its pleadings to accomplish these discovery goals is clearly inappropriate.  Hasbro's motion should be denied.

III

THE PROPOSED SECOND AMENDED COMPLAINT VIOLATES RULE 8 AND
MUCH OF IT WOULD BE APPROPRIATELY STRICKEN PURSUANT TO RULE 12(f)

An additional independent basis for denying a motion for leave to amend a pleading is that the amended pleading would be futile.  *See Toro v. Rhode Island*, 253 F.R.D. 31, 32 (D.R.I. 2008) ("as the amendments plaintiff seeks would be futile, plaintiff's Motion to Amend is hereby denied").  Here, granting leave to serve and file the proposed Second Amended Complaint that Hasbro offers would be futile as it is plainly subject to being stricken under Rule 8 and Rule 12(f) of the Federal Rules of Civil Procedure.  The proposed Second Amended Complaint offered by Hasbro violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the claim upon which the party seeks relief.  Rather than complying with Rule 8, the proposed Second Amended Complaint is replete with wholly unnecessary factual averments that Hasbro seeks to import into this litigation, over one year after it commenced it, with the sole purpose of harming Atari's public standing and publically embarrassing it.

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

13

clarity and brevity by the federal pleading rules. "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 at 240-41 (3d ed. 2004). A plaintiff properly pleads a claim for relief by "*briefly* describing the events" supporting the claim. *Peabody v. Griggs*, C.A. No. 08 Civ. 243, 2009 WL 3200686, *2 (D.R.I., October 6, 2009), *quoting Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (emphasis added). Where a plaintiff fails to heed this requirement, a pleading is subject to dismissal. *Id.*

Reinforcing Rule 8, Rule 12(f) provides that the Court may on its "own initiative at any time, . . . order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." *See Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (stating that "[a] court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter,'" including statements that are "superfluous descriptions and not substantive elements of the cause of action").

Instead of the short, plain statement of the claims upon which it seeks relief, Hasbro's proposed Second Amended Complaint is a morass of irrelevancies, unnecessary factual averments, and fact-laden inflammatory discourse intended solely to embarrass Atari, injure its business relationships, or, as described above, to artificially expand the scope of this litigation so as to increase the discovery burden placed on Atari. Hasbro's proposed Second Amended Complaint violates the spirit of both Rules 8(a) and 12(f), warranting the denial of Hasbro's motion.

For example, paragraphs 84 through 90 of the proposed Second Amended Complaint, under the heading "Atari's Crumbling Financial Position," are a repository of immaterial and wholly conclusory speculation concerning Atari's financial condition that, apart from being largely inaccurate, have no place in Hasbro's pleading.[2] Likewise, paragraph 1 of the proposed Second Amended Complaint cites to a Los Angeles Times article which purportedly quotes members of Atari's management as comparing Atari's historic company-wide performance in scandalous terms.

Clearly, these and other allegations are wholly irrelevant to Hasbro's claims in this action and add nothing of import to the allegations against Atari. Rather, Hasbro's motivations in inserting these and other extraneous and inflammatory allegations into the proposed Second Amended Complaint are transparent: they are aimed solely at injuring Atari's business reputation and pressuring it to succumb to Hasbro's demands in this litigation. The overdose of wild characterizations and argumentative surplusage in the proposed Second Amended Complaint is unjustified, unnecessary, and violates Rule 8 and would be subject to being stricken under Rule 12(f). *Peabody*, 2009 WL 3200686 at *10; *Lease v. Fishel*, C.A. No. 07 Civ. 0003, 2009 WL 922486, *2 (M.D. Pa., April 3, 2009) (emphasis added) ("The mash of allegations [in this complaint] read more like a novel than a legal pleading and *frequently* digress into improper argumentative detail."). *See also Fritz v. County of Kern*, C.A. No. 07 Civ. 377, 2009 WL 382741, *2 (E.D. Cal., Feb. 13, 2009) (a "complaint is not a novel: background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)"); *In re Electronic Data Systems Corp.*, 305 F. Supp. 2d 658 (E.D. Tex. 2004) (Rule 8 is violated when plaintiffs chooses

---

[2] We note that Hasbro has filed a copy of its proposed Second Amended Complaint in partially-redacted form as an exhibit to the instant motion at the request of Atari counsel. As such, we do not quote directly from the redacted portions in this memorandum, as the portions that have been redacted should not appear in the public files maintained by the Court.

to plead excessive facts).  "The complaint should not plead evidence."  *Holloway v. Selsky*, C.A. No. 05 Civ. 0501, 2006 WL 126763 (N.D.N.Y., January 17, 2006).

Hasbro's counsel appears to contend that because unflattering comments attributed to a few members of Atari management appeared in the Los Angeles Times, Hasbro is entitled to amass them in a proposed pleading and elaborate on them with Hasbro's own lurid speculations. But, as stated previously, Hasbro has had access to detailed public information about Atari's financial condition for years.  Hasbro spins the statements from the Los Angeles Times article with its own luridly-stated speculations about Atari into a proposed pleading, not to legitimately raise or assert a true claim but instead to threaten massive harm to Atari's reputation and compel it to succumb to Hasbro's demands.  The motion for leave to file such an improper pleading should be denied.

<u>Conclusion</u>

On the basis of the foregoing, Hasbro's motion for leave to file its proposed Second Amended Complaint should be denied.

16

Dated: Providence, Rhode Island
      December 27, 2010

PIERCE ATWOOD LLP

By:   /s/ Michael J. Daly
     Brooks R. Magratten
     Michael J. Daly
     10 Weybosset Street, Suite 400
     Providence, Rhode Island 02903
     (t) (401) 588-5113
     (f) (401) 588-5166
     bmagratten@pierceatwood.com
     mdaly@pierceatwood.com

-and-

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
     Kyle C. Bisceglie, *admitted pro hac vice*
     Herbert C. Ross, *admitted pro hac vice*
     Peter M. Sartorius
     Park Avenue Tower
     65 East 55th Street
     New York, New York 10022
     (t) (212) 451-2300
     (f) (212) 451-2222
     kbisceglie@olshanlaw.com
     hross@olshanlaw.com
     psartorius@olshanlaw.com

*Attorneys for Defendant
and Counterclaim-Plaintiff Atari, SA*

## CERTIFICATE OF SERVICE

This document was electronically filed with the Clerk of the Court on December 27, 2010, and is available for viewing and downloading from the Court's ECF system. Service on all counsel of record has been effectuated by electronic means.

/s/ Michael J. Daly

17