UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., <br><br> Plaintiff, <br><br> -against- <br><br> INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A., <br><br> Defendant. | C.A. 09-610 (S) |

**DECLARATION OF HERBERT C. ROSS IN SUPPORT OF DEFENDANT ATARI, SA'S OBJECTION TO PLAINTIFF HASBRO, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

HERBERT C. ROSS, declares as follows:

1. I am a member of the law firm Olshan Grundman Frome Rosenzweig & Wolosky, co-counsel with Pierce Atwood LLP for defendant Atari, SA ("Atari") in the above-entitled action. I have been admitted *pro hac vice* in this action. I submit this declaration in support of Atari's objection to the motion of plaintiff Hasbro, Inc. ("Hasbro") for leave to file a second amended complaint in this action.

2. Annexed hereto as Exhibit A is a true and correct copy of a November 8, 2010 letter addressed to me from James Pearl, counsel for Hasbro in this action.

3. I also note that Hasbro argues in support of its motion that it is necessary to add as defendants by its proposed Second Amended Complaint two subsidiaries of Atari, namely, Atari, Inc. and Atari Interactive, Inc., because Atari has refused to provide discovery from them based on their not being parties in this action. That assertion is false. I participated in the two "meet and confer" teleconferences between counsel for Atari and counsel for Hasbro concerning Hasbro's massive first request for production of documents addressed to Atari. There was never

1163278-1

2

any refusal by Atari to produce documents on the basis that they were the documents of either of those subsidiaries rather than documents of Atari, and there was never any dispute in those teleconferences concerning Hasbro's ability to procure discovery from either of those subsidiaries of Atari.

4. Finally, I note that the declaration of James Pearl in support of Hasbro's motion characterizes discussions and annexes copies of some of the emails between me and Mr. Pearl prior to the filing of Hasbro's current motion. First, I am surprised that Mr. Pearl filed with the Court a declaration purporting to describe unsuccessful negotiations between him and me. In any event, Mr. Pearl's description is incomplete and inaccurate in key respects.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Dated: December 27, 2010

_____
HERBERT C. ROSS