# OLSHAN

OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP

PARK AVENUE TOWER
65 EAST 55TH STREET
NEW YORK, NEW YORK 10022
TELEPHONE: 212.451.2300
FACSIMILE: 212.451.2222

WWW.OLSHANLAW.COM

DIRECT DIAL: 212.451.2255
EMAIL: HROSS@OLSHANLAW.COM

December 23, 2010

BY ELECTRONIC MAIL

James Bo Pearl, Esq.
O'Melveny & Myers LLP
1099 Avenue of the Stars
Los Angeles, CA 90067-6035

    Re: *Hasbro, Inc. v. Infogrames Entertainment, S.A. (a/k/a Atari, SA) -*
          C.A. No. 09 Civ. 610 (D.R.I.)

Dear Bo:

    We write in response to your letter dated December 20, 2010, which, in turn, responds to my letter dated November 30, 2010.

    We do not agree to your revision of our proposed restatement of Hasbro's Request No. 43 in Hasbro's first request for production of documents ("First Request") in my November 30, 2010 letter to you because the handling of Confidential Information of Hasbro from February 18, 2009 to July 1, 2009 has never been an issue in this action. Additionally, Atari will produce any non-privileged documents in its possession, custody, or control that are responsive to our proposed restatements of Hasbro's Request Nos. 7, 34, 72, and 82, as set forth in my November 30 letter, located by a reasonable and diligent search of relevant files, rather than adopt your apparent effort to revise those restatements. We, however, agree to your revision of our proposed restatement of Request No. 41 in the First Request. As stated in my November 30th letter, Atari's agreement to these restatements should not be construed as an admission or representation that any responsive documents are in Atari's possession, custody, or control. Furthermore, Atari does not waive and reserves the right to object on any and all grounds to the admissibility of any documents produced in response to any of the aforementioned restated requests.

    We are disappointed to learn that Hasbro has elected not to accept Atari's proposal to reasonably restate many of Hasbro's overbroad and unduly burdensome discovery requests contained in Hasbro's First Requests. If that continues to be the case, the parties do indeed seem to be at an impasse. As stated in my November 30th letter and in our prior telephone conferences, many of Hasbro's 131 document requests propounded to date are part of an

1129801-5

December 23, 2010
Page 2

inappropriate "fishing expedition" by Hasbro designed solely to harass Atari and burden it with unreasonable discovery. Atari declines to participate in Hasbro's chosen method of litigation and intends to oppose any motion by Hasbro which seeks to compel Atari to produce documents in response to Hasbro's plainly overbroad and irrelevant discovery requests.

The parties likewise seem to continue to be at an impasse with respect to Hasbro's request to revise the Stipulation and Protective Order Concerning Confidentiality of Discovery Materials, which was "So Ordered" May 27, 2010. As stated in my November 30th letter and in our prior telephone conferences, we believe an "attorneys' eyes only" category of confidentiality is unnecessary, subject to abuse, creates an undue administrative burden, and places Atari at a disadvantage in this litigation by limiting the documents we may review or discuss with our client. Atari intends to oppose any motion by Hasbro which seeks to modify the current confidentiality stipulation in this respect.

We reserve all Atari's rights.

Finally, while we disagree on a number of matters, I, of course, wish you Happy Holidays.

Sincerely yours,

Herbert C. Ross

cc: Kyle C. Bisceglie, Esq.
Peter Sartorius, Esq.