# EXHIBIT 4

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., | C.A. 09-610 (S) |
| Plaintiff, | |
| -against- | |
| INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A., | |
| Defendant. | |

### ATARI, S.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT HASBRO INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant and counterclaim-plaintiff Atari, SA ("Atari") hereby responds and objects to Plaintiff and Counterclaim-Defendant Hasbro, Inc.'s First Set of Interrogatories to Atari, SA, dated October 13, 2010 (the "Interrogatories," each individual request contained therein, an "Interrogatory"), as follows:

### General Responses and Objections

The following general objections apply to the Interrogatories in their entirety, and should be understood and read as applicable to each specifically-numbered Interrogatory therein:

A.      Atari objects to the Interrogatories to the extent they purport to impose upon Atari any obligation greater than, or inconsistent with, that required by the Federal Rules of Civil Procedure, any other applicable rules of this Court, or the common law.

B.      Atari objects to the Interrogatories to the extent they purport to impose an obligation on any person or entity other than "Atari" as defined hereinabove.

C.      Atari objects to the Interrogatories to the extent they are vague, ambiguous, overly

broad, unduly burdensome, or oppressive.

D.      Atari objects to the Interrogatories to the extent they purport to require the disclosure of information that is not within Atari's possession, custody, or control.

E.      Atari objects to the Interrogatories to the extent they seek information not relevant to any party's claims or defenses or otherwise not reasonably calculated to lead to the discovery of admissible evidence.  Atari concedes neither the relevancy, materiality, competency, nor admissibility as evidence of the various information requested in the Interrogatories or information disclosed in response to the Interrogatories and, notwithstanding any response made pursuant thereto, reserves its right to object to the admissibility of any responses produced pursuant to the Interrogatories.

F.      Atari objects to the Interrogatories to the extent they seek information that may be obtained from another source that is more convenient, less burdensome, or less expensive.

G.      Atari objects to the Interrogatories to the extent they seek privileged information (including, without limitation, information that was developed for or in anticipation of litigation or which constitutes or reflects attorney work-product or confidential attorney-client communications) or information that is otherwise immune from compelled disclosure. Privileged information will not be disclosed.  Furthermore, any inadvertent disclosure of any privileged information in response to the Interrogatories is not intended to relinquish any such privilege and shall not be deemed to be a waiver of any applicable privilege.

H.      Atari's responses to individual Interrogatories are subject to and without waiver of the foregoing General Responses and Objections, which are incorporated into each response as though fully set forth therein.  To the extent certain of the General Responses and Objections are restated in a specific response, they are restated because they are particularly applicable to

2

1115594-1

the specific Interrogatory and their restatement shall not be construed as a waiver of any other of the General Responses and Objections applicable to matter falling within the scope of the particular Interrogatory.

I.      In addition to the General Responses and Objections set forth above, Atari will also state specific objections to the Interrogatories where appropriate. By setting forth such specific objections, Atari does not intend to limit or restrict the applicability of any of the General Responses and Objections. To the extent Atari responds to a specific Interrogatory, stated objections are not waived by providing responses.

J.      In providing responses to the Interrogatories, Atari does not in any way waive or intend to waive, but rather intends to preserve and is preserving, each of the following:

(a)     All objections to the competency, relevancy, materiality and admissibility of the Interrogatories, the responses herein, any information that Atari discloses in response to the Interrogatories, and the subject matter(s) of any of the foregoing;

(b)     All objections as to the vagueness, ambiguity, or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories;

(c)     All rights to object on any ground to the use of the responses herein, any information that Atari discloses in response to the Interrogatories, or the subject matter(s) of any of the foregoing, at any subsequent proceeding, including the trial of this matter, or in any other action;

(d)     All rights to object on any ground to any further discovery request or any other discovery request involving or relating to the subject matter of the Interrogatories;

(e)     The right at any time to revise, modify, clarify, and/or supplement any of the responses to the Interrogatories prior to trial;

(f)     Any and all privileges and/or rights under the Federal Rules of Civil Procedure or other applicable rules of this Court or the common law, including, but not limited to, the attorney-client privilege, the work product doctrine, or any other applicable legal privilege against compelled disclosure; and

3

1115594-1

(g)     Any and all objections previously asserted.

K.     Atari reserves the right at any time to revise, correct, modify, supplement, or clarify any of the responses herein, or to supply additional or different information contained in these responses, if and when other or more accurate information is obtained.

L.     Subject to, and without waiver of the general objections, each of which is hereby incorporated in the responses to each individual Interrogatory, Atari responds as follows:

### Specific Responses and Objections

**Interrogatory No. 1.**     IDENTIFY each D&D GAME YOU CONSIDERED FOR DEVELOPMENT at any time from June 3, 2005 to the present.

Response:     Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein.  In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device.  Specifically, the broad topic of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" is not reasonably tailored to the issues in dispute in this action and is so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 2.** For each D&D GAME identified in response to Interrogatory No. 1, state whether YOU submitted it to HASBRO for approval pursuant to the LICENSE AGREEMENT, including, if submitted, the date(s) of submission and the person at HASBRO to whom YOU submitted it.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the accompanying approval status for each such game are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 3.** For each D&D GAME identified in response to Interrogatory No. 1, state whether it was developed, including a description of the level of its development, if and when it was commercially released, and if it was sublicensed to a third-party or published by Atari.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible

evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the development-status for each such game are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 4.** For each D&D GAME identified in response to Interrogatory No. 3 that was not either developed or commercially released, state all reasons why it was either not developed or not commercially released.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present," the development-status for each game, and the release-status for each game, are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal

6

Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 5.** For each D&D GAME identified in response to Interrogatory No. 1, state, by each territory, how much money YOU spent to develop the D&D GAME.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the development expenditures made by Atari for each game are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 6.** For each D&D GAME identified in response to Interrogatory No. 1 that has been commercially released, state, by territory, how much money YOU spent to advertise, promote, and market the D&D GAME.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it

1115594-1

calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the advertising and marketing expenditures made by Atari for each game by territory are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

**Interrogatory No. 7.** State, by territory, the dollar amount of all profit, net income, or comparable financial metric, as well as all LICENSEE REVENUE projections or estimates YOU made for each D&D GAME identified in response to Interrogatory No. 1, including the date on which YOU made each such projection or estimate.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous, particularly in its use of the jargon "comparable financial metric"; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the profits, net income, or revenue projections or estimates for each game are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

1115594-1

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 8.** For each D&D GAME identified in response to Interrogatory No. 1 that has been commercially released, state, by territory, the dollar amount of all profit, net income, or comparable financial metric YOU actually received, as well as any LICENSEE REVENUE actually generated by each D&D GAME.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous, particularly in its use of the jargon "comparable financial metric"; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the "profit, net income, or comparable financial metric" received by Atari for, and "licensee revenue" from, each game are not reasonably tailored to the issues in dispute in this action, call for information not reasonably calculated to lead to the discovery of admissible evidence, and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

9

1115594-1

**Interrogatory No. 9.** For each D&D GAME identified in response to Interrogatory No. 1 that has been commercially released, state, by territory, the dollar amount YOU spent providing technical support or customer service through the date hereof.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the amount spent by territory related to the provision of technical support or customer service for each game are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 10.** For each D&D GAME identified in response to Interrogatory No. 1 that has been commercially released, IDENTIFY, separately for each such D&D GAME and by territory, all PERSONS, including any third-parties, who provided technical support or customer service.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action;

10

1115594-1

(iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present" and the identities of individuals by territory who have provided technical support or customer service for each game are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 11.** For each D&D GAME identified in response to Interrogatory No. 1 that has been commercially released, IDENTIFY, separately for each such D&D GAME and by territory, the technical support or customer service information (including, without limitation, the identity of the party providing such technical support or customer service and the complete contact information for such party) included in the game packaging, on websites, or in any other materials included or made available when the D&D GAME is purchased through any distribution method or channel.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device. Specifically, the broad topics of "each D&D game [Atari] considered for development at any time from June 3, 2005 to the present," the technical support or customer service informationp rovided for each game, and the identities and contact information of

11

persons who have provided technical support or customer service, are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

Subject to the foregoing, Atari will produce business records sufficient to enable you to derive or ascertain the answer to this Interrogatory, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, solely to the extent this Interrogatory seeks information concerning the development of D&D games relevant to the parties' claims or defenses in this action.

**Interrogatory No. 12.**   IDENTIFY each PERSON to whom YOU granted any right to act as a sublicensee, distributor, and/or wholesaler of any D&D GAME (including YOUR subsidiaries and affiliated companies), including: (a) the date on which you granted such right(s), (b) the territory for which you granted such right(s), (c) a description of such right(s) as it pertains to the development, production, distribution, and/or sale of any D&D GAME and the specific D&D GAME titles, by language, included in such grant of rights, (d) any change to the grant of such right(s) (e.g., from sublicensee to distributor) made after the date of the initial grant of such right(s), and (e) the date on which such change was made.

Response:   Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein.  In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device.  Specifically, the broad topics of "each person to whom [Atari] granted any right to act as a sublicensee, distributor, and/or wholesaler of any D&D game" and the requested details pertaining thereto, are not reasonably tailored to the issues in dispute in this action and are so broad in scope as to be difficult to respond to completely and accurately without undue burden.

**Interrogatory No. 13.** If YOUR response to any of the Requests for Admission served on you by Plaintiff and Counterclaim-Defendant Hasbro, Inc. was anything less than an unqualified admission, for each such Request for Admission state all facts on which you based any denial of any part thereof.

Response: Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein. In addition, Atari objects to this Interrogatory on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for information that is not relevant to any party's claims or defenses asserted in this action; (iv) it calls for information not reasonably calculated to lead to the discovery of admissible evidence; (v) it seeks to impose burdens or obligations beyond that which is proper for this discovery device; and (vi) it is so broad in scope as to be difficult to respond to completely and accurately without undue burden.

In response to this Interrogatory, Atari will only state facts sufficient to support Atari's unqualified denial of any Request for Admission that it has denied. Subject to and without waiving the foregoing objections, Atari responds to this Interrogatory as follows:

As to Request for Admission No. 1.: The statement in Jim Wilson's October 26, 2009 letter to Mark Blecher that Mr. Wilson had attached to that letter "an excerpt from Section 2.3 of the Distribution Agreement, which indicates that games for which there are contractual restrictions associated with the exploitation rights granted by the third party (such as Hasbro) are excluded from the Distribution Rights" was *not* a representation that the Distribution Agreement, when initially signed by the parties thereto, excluded Dungeons & Dragons titles from the "Distribution Rights" purportedly granted by that agreement.

Furthermore, Mr. Wilson's October 26, 2009 letter to Blecher attached (a) a copy of a September 11, 2009 letter from Atari to Namco Bandai Partners, S.A.S. that stated, in part, as follows:

1115594-1

As previously discussed, Atari hereby provides written notice that there are a number of Games that shall be excluded from the [Distribution] Agreement. Such Games include all Hasbro titles, including, but not limited to, Dungeons & Dragons, Neverwinter Nights, Dragonshard and Demonstone. . . .

Accordingly, by the provision of this letter, we deem Appendix 1 to be updated to exclude all Hasbro titles. . . .

; and (b) a copy of an October 6, 2009 letter from Namco Bandai Partners, S.A.S. to Atari

that stated, in part, as follows:

Namco Bandai Distribution Partners S.A.S. ("Namco Bandai") hereby acknowledges that upon its acquisition of the Atari Europe S.A.S. ("Atari") distribution business, that Namco Bandai was not granted a sublicense nor did it have any rights assigned to it regarding Hasbro products. Instead, our role vis-à-vis the Hasbro titles in territories outside of the United States was limited to acting as Atari's wholesaler.

We understand that as of September 11, 2009 you informed us that our wholesaling relationship had ended and that as of that date Namco Bandai would no longer receive new inventory for wholesaling purposes. As of that date, and at the request of Atari, Namco Bandai commenced an effort to return [] all Hasbro game information and assets to Atari, including, without limitation, all files (direct or otherwise). . . .

\*       \*       \*

Dated: Providence, Rhode Island
      November 15, 2010

                            PIERCE ATWOOD LLP

                        By:  */s/ Brooks R. Magratten*
                               Brooks R. Magratten, No. 3585
                               Michael J. Daly, 6729
                               10 Weybosset Street, Suite 400
                               Providence, Rhode Island 02903
                               (t) (401) 588-5113
                               (f) (401) 588-5166
                               bmagratten@pierceatwood.com
                               mdaly@pierceatwood.com

                                  - and -

                        OLSHAN GRUNDMAN FROME
                        ROSENZWEIG & WOLOSKY LLP
                               Kyle C. Bisceglie, *admitted pro hac vice*
                               Herbert C. Ross, *admitted pro hac vice*
                               Peter M. Sartorius
                               Park Avenue Tower
                               65 East 55th Street
                               New York, New York 10022
                               (t) (212) 451-2300
                               (f) (212) 451-2222
                               kbisceglie@olshanlaw.com
                               hross@olshanlaw.com
                               psartorius@olshanlaw.com

                        *Attorneys for Defendant*
                        *and Counterclaim-Plaintiff Atari, S.A.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2010, the within document was served by electronic mail and United States First Class Mail on the following counsel of record for plaintiff Hasbro, Inc. in the above-captioned action:

Todd White, Esq.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
twhite@apslaw.com

Robert M. Schwartz, Esq.
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067
rschwartz@omm.com

/s/ Peter M. Sartorius
PETER M. SARTORIUS

16

1115594-1