# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND



HASBRO, INC.,

        Plaintiff,

-against-

INFOGRAMES ENTERTAINMENT, S.A. a/k/a
ATARI, S.A.,

        Defendant.

C.A. No. 09 Civ. 610 (S) (LDA)

### PLAINTIFF AND COUNTERCLAIM-DEFENDANT HASBRO, INC.'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO ATARI, S.A.

PROPOUNDING PARTY:    Plaintiff and Counterclaim-Defendant HASBRO, INC.

RESPONDING PARTY:    Defendant and Counterclaim-Plaintiff ATARI, S.A.

SET NUMBER:    Two

TO DEFENDANT AND COUNTERCLAIM-PLAINTIFF ATARI, S.A.:

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Rhode Island, YOU are hereby requested to produce for inspection and copying the documents and tangible things described herein below within thirty (30) days after the date of service hereof, at the law offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903-1345. YOU may comply with this request by transmitting the documents and physical evidence by mail or overnight delivery service so long as they arrive at the designated place by the date and time indicated above.

## Definitions

1. The following definitions and rules of construction shall apply to these requests, and shall be interpreted to the broadest extent possible. Terms not defined below shall have their ordinary and common meanings.

2. "COMMUNICATION[S]" means any DOCUMENT that comprises, embodies, reflects, or refers to any transmission of information from one person to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile, electronic mail, instant messaging, text messaging or development notes. Each request that encompasses information relating in any way to COMMUNICATIONS to, from, or within a business or corporate entity is hereby designated to mean, and should be construed to include, all COMMUNICATIONS by and between representatives, employees, agents, or servants of the business or corporate entity. Any reference to "All COMMUNICATIONS" means all DOCUMENTS that RELATE TO COMMUNICATIONS.

3. "DOCUMENT[S]" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and shall be construed in the broadest sense to mean any and all writings, tangible things, and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody, or control, including, but not limited to: any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic, or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed, or stored, whether an original, a draft, or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, text messages, instant messages, letters, facsimiles and facsimile transmittals, reports, inter- and

intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, video, audio and digital recordings, television commercials, website or other spot advertisements, prototypes, products, calendars, charts, diaries, drawings, sketches, messages, lab notebooks, photographs, meeting minutes (including board meeting minutes), and any "active" or "backup" data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof, and all other memorializations of any conversations, meetings and conferences, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, interlineations, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery, or any other difference or modification of any kind.

4. "PERSON[S]" means any natural person, firm, association, organization, partnership, business trust, corporation, company, or entity.

5. "RELATE TO," "RELATES TO," "RELATED TO," and "RELATING TO" means to concern, refer to, summarize, reflect, constitute, comprise, state, contain, embody, pertain to, identify, are involved with, mention, discuss, consist of, show, comment upon, evidence, support, respond to, deal with, describe, analyze, refute, contradict, or relate in any way to the

subject in question, directly or indirectly, in whole or in part.

6. "YOU" or "YOUR" means Infogrames, S.A., Atari, S.A., Atari, Inc., Atari London Studio, Atari Interactive, Inc., Eden Studios, Cryptic Studios, Inc., and Distribution Partners, S.A.S., as well as all present and former subsidiaries, parents, or other affiliates, predecessor or successor companies (including, but not limited to, Atari Europe S.A.S., Atari France, S.A.S., Atari Italia, Atari Hellas EPE, Atari Nordic AB, Atari Benelux BV, Atari Israel Ltd., A+ Multimedia Ltda Portugal, Atari Iberica SA, Atari Deutschland GmbH, Atari United Kingdom Ltd, Atari Brazil, Atari Asia Holdings Pty Ltd, Atari Taiwan Ltd, Atari Korea Ltd, Atari Singapore Pte, Atari Australia Pty Ltd, Atari Hong-Kong Ltd, Atari NZ Ltd), and any and all divisions thereof, and any and all present and former officers, directors, representatives, shareholders, agents, employees, attorneys, accountants, investigators, or any other person and/or affiliate acting on any of their behalf.

7. The terms "and" and "or" will be construed both conjunctively and disjunctively, and each will include the other whenever such a dual construction would serve to bring within a category DOCUMENTS or information that would not otherwise be within its scope.

8. The terms "all" or "any" mean "any, all, each, and every."

9. The singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of any request DOCUMENTS that would otherwise not be brought within its scope.

### Instructions

1. These requests call for the production of all responsive DOCUMENTS that are within YOUR possession, custody or control. A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability,

upon request, to obtain possession of the DOCUMENT or a copy thereof from another PERSON that has physical possession of the DOCUMENT.

2. These requests are limited to DOCUMENTS created on or after June 3, 2005, unless otherwise specified.

3. Whenever YOU object to a particular request, or portion thereof, YOU must produce all DOCUMENTS called for which are not subject to that objection.

4. If any DOCUMENT covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld DOCUMENT: date; author; recipients; general subject matter; and legal basis upon which the DOCUMENT has been withheld. If work product protection is labeled, please also include the matter for which the document was created.

5. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

6. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all metadata intact and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

7. Please organize electronic DOCUMENTS produced for inspection in the same manner that YOU store them (e.g., if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

8. To the extent responsive DOCUMENTS reside on databases and other such systems and files, YOU are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

9. These requests require production of paper DOCUMENTS in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If you choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, bindings or other containers in which the DOCUMENTS are found. The titles, labels or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

10. For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

   a. The reason the DOCUMENT is no longer in YOUR possession, custody or control;

   b. The PERSON, if any, who has possession, custody or control or, if unknown, so state;

   c. If the DOCUMENT was destroyed or otherwise disposed of, state: (i) the manner of disposal (i.e. destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the PERSON authorizing disposal; (v) the PERSON disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

11. These requests impose a continuing obligation subsequent to YOUR initial production to timely supplement YOUR response or production if YOU determine that YOUR

response or production is incomplete or incorrect.

## Categories of Documents Requested

1. All DOCUMENTS that constitute, memorialize, or refer to any of the projections or estimates stated in Atari's written response to Interrogatory Number 7 of Hasbro's First Set of Interrogatories served in this action.

2. All DOCUMENTS that constitute, memorialize, or reflect any of the technical support or customer service information stated in Atari's written response to Interrogatory Number 11 of Hasbro's First Set of Interrogatories served in this action, including, without limitation, sufficient DOCUMENTS to identify the PERSONS providing such technical support or customer service and the complete contact information for such PERSONS.

Dated: October 13, 2010

HASBRO, INC.
By its Attorneys,

_____
John A. Tarantino, Esq. (#2586)
jtarantino@apslaw.com
Todd White, Esq. (#5943)
twhite@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Robert M. Schwartz, Esq.
rschwartz@omm.com
Matthew T. Kline, Esq.
mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Tel: (310) 553-6700
Fax: (310) 246-6779

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October 2010, the within document was served upon the following counsel of record via electronic mail and United States First Class Mail:

Michael J. Daly, Esq.
mdaly@pierceatwood.com
Brooks R. Magratten, Esq.
bmagratten@pierceatwood.com
Pierce Atwood LLP
10 Weybosset Street, Suite 400
Providence, RI 02903

Herbert C. Ross, Esq.
Kyle C. Bisceglie, Esq.
Christine W. Wong, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

_____
Todd D. White