# EXHIBIT 6

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., <br><br>                       Plaintiff, <br><br>     -against- <br><br> INFOGRAMES ENTERTAINMENT, S.A. a/k/a <br> ATARI, S.A., <br><br>                       Defendant. | C.A. 09-610 (S) |

### ATARI, S.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM-DEFENDANT HASBRO, INC.'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant and counterclaim-plaintiff Atari, SA ("Atari") hereby responds and objects to Plaintiff and Counterclaim-Defendant Hasbro, Inc.'s Second Request For the Production of Documents to Atari, SA, dated October 13, 2010 (the "Requests," each individual request contained therein, a "Request"), as follows:

### General Responses and Objections

The following general objections apply to the Requests in their entirety, and should be understood and read as applicable to each specifically-numbered Request therein:

    A.      Atari objects to the Requests to the extent they purport to impose upon Atari any obligation greater than, or inconsistent with, that required by the Federal Rules of Civil Procedure, any other applicable rules of this Court, or the common law.

    B.      Atari objects to the Requests to the extent they purport to impose an obligation on any person or entity other than "Atari" as defined hereinabove.

1124455-1

C.     Atari objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, or oppressive.

D.     Atari objects to the Requests to the extent they purport to require the production of documents that are not within Atari's possession, custody, or control.

E.     Atari objects to the Requests to the extent they seek irrelevant matter not reasonably calculated to lead to the discovery of admissible evidence.  Atari concedes neither the relevancy, materiality, competency, nor admissibility as evidence of the various documents requested in the Requests or documents produced in response to the Requests and, notwithstanding any response or production made pursuant thereto, reserves its right to object to the admissibility of any responses or documents produced pursuant to the Requests.

F.     Atari objects to the Requests to the extent they seek documents that may be obtained from another source that is more convenient, less burdensome, or less expensive.

G.     Atari objects to the Requests to the extent they seek privileged information (including, without limitation, information that was developed for or in anticipation of litigation or which constitutes or reflects attorney work-product or confidential attorney-client communications) or information that is otherwise immune from compelled disclosure. Privileged information and documents will not be produced.  Furthermore, any inadvertent production of any privileged information or document is not intended to relinquish any such privilege and shall not be deemed to be a waiver of any applicable privilege.

H.     Atari's responses to individual Requests are subject to and without waiver of the foregoing General Responses and Objections, which are incorporated into each response as though fully set forth therein.  To the extent certain of the General Responses and Objections are restated in a specific response, they are restated because they are particularly applicable to the

1124455-1

specific Request and their restatement shall not be construed as a waiver of any other of the General Responses and Objections applicable to matter falling within the scope of the particular Request.

I.      In addition to the General Responses and Objections set forth above, Atari will also state specific objections to the Requests where appropriate. By setting forth such specific objections, Atari does not intend to limit or restrict the applicability of any of the General Responses and Objections. To the extent Atari responds to a specific Request, stated objections are not waived by providing responses. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege

J.      In providing responses to the Requests, Atari does not in any way waive or intend to waive, but rather intends to preserve and is preserving, each of the following:

(a)     All objections to the competency, relevancy, materiality and admissibility of the Requests, the responses herein, any documents that Atari produces in response to the Requests, and the subject matter(s) of any of the foregoing;

(b)     All objections as to the vagueness, ambiguity, or other infirmity in the form of the Requests and any objections based on the undue burden imposed by the Requests;

(c)     All rights to object on any ground to the use of the responses herein, any documents that Atari produces in response to the Requests, or the subject matter(s) of any of the foregoing, at any subsequent proceeding, including the trial of this matter, or in any other action;

(d)     All rights to object on any ground to any further discovery request or any other discovery request involving or relating to the subject matter of the Requests;

(e)     The right at any time to revise, modify, clarify, and/or supplement any of the responses to the Requests prior to trial;

(f)     Any and all privileges and/or rights under the Federal Rules of Civil Procedure or other applicable rules of this Court or the common law, including, but not limited to, the attorney-client privilege, the work

3

1124455-1

product doctrine, or any other applicable legal privilege against compelled disclosure; and

(g)     Any and all objections previously asserted.

K.     Atari objects to the form of production for electronically stored information set forth in Instruction Numbers 5, 6, 7, and 8 in the Requests. Atari is amenable to discussing with opposing counsel reasonable means of producing any requested electronically stored documents that Atari agrees to produce in response to the Requests.

L.     Atari specifically objects to Instruction Number 8 to the extent it purports to impose upon Atari any obligation greater than, or inconsistent with, that required by the Federal Rules of Civil Procedure, any other applicable rules of this Court, or the common law, including, but not limited to, any obligation to produce or make available for inspection any document or matter that is not related to issues relevant to this litigation or that is otherwise not reasonably calculated to lead to the discovery of relevant, admissible evidence.

M.     Atari objects to Instruction Number 10 to the Requests to the extent it purports to require Atari to speculate as to the existence or identity of documents that are not currently in Atari's possession, custody, or control.

N.     Any statement in any response herein that Atari will produce non-privileged documents is not an acknowledgment or admission that any such documents exist or are in the procession, custody, or control of Atari.

O.     Atari reserves the right at any time to revise, correct, modify, supplement, or clarify any of the responses herein, or to supply additional or different information contained in these responses, if and when other or more accurate information is obtained.

1124455-1

## Specific Responses and Objections

**Request No 1.**    All DOCUMENTS that constitute, memorialize, or refer to any of the projections or estimates stated in Atari's written response to Interrogatory Number 7 of Hasbro's First Set of Interrogatories served in this action.

Response:    Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein.  In addition, Atari specifically objects to this Request on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for the production of documents that are not relevant to the issues, claims, or defenses asserted in this action and/or is not reasonably tailored to the issues in dispute in this action, as the broad topic of "projections or estimates [Atari] made for each" "D&D Game [Atari] considered for development at any time from June 3, 2005 to the present" includes matters that are not in dispute in this action; (iv) it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence; and (v) it calls for the production of documents containing trade secrets or confidential or proprietary business information not germane to the issues, claims, or defenses asserted in this action.

Subject to and without waiving the aforementioned general and specific objections, Atari will produce for inspection and copying all non-privileged documents responsive to this Request, solely to the extent they concern the development of D&D games relevant to the parties' claims or defenses in this action, if any, in its possession, custody, or control, that Atari is able to locate after a reasonable and diligent search of relevant files.

5

1124455-1

**Request No 2.**    All DOCUMENTS that constitute, memorialize, or reflect any of the technical support or customer service information stated in Atari's written response to Interrogatory Number 11 of Hasbro's First Set of Interrogatories served in this action, including, without limitation, sufficient DOCUMENTS to identify the PERSONS providing such technical support or customer service and the complete contact information for such PERSONS.

Response:    Atari incorporates each of the General Objections set forth above into this response as if fully articulated herein.  In addition, Atari specifically objects to this Request on the grounds that (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it calls for the production of documents that are not relevant to the issues, claims, or defenses asserted in this action and/or is not reasonably tailored to the issues in dispute in this action, as the broad topic of "projections or estimates [Atari] made for each" "D&D Game [Atari] considered for development at any time from June 3, 2005 to the present" includes matters that are not in dispute in this action; (iv) it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence; and (v) it calls for the production of documents containing trade secrets or confidential or proprietary business information not germane to the issues, claims, or defenses asserted in this action.

Subject to and without waiving the aforementioned general and specific objections, Atari will produce for inspection and copying all non-privileged documents responsive to this Request, solely to the extent they concern D&D games relevant to the parties' claims or defenses in this action, if any, in its possession, custody, or control, that Atari is able to locate after a reasonable and diligent search of relevant files.

1124455-1

Dated: Providence, Rhode Island
November 15, 2010

PIERCE ATWOOD LLP

By: */s/ Brooks R. Magratten*
    Brooks R. Magratten, No. 3585
    Michael J. Daly, No. 6729
    10 Weybosset Street, Suite 400
    Providence, Rhode Island 02903
    (t) (401) 588-5113
    (f) (401) 588-5166
    bmagratten@pierceatwood.com
    mdaly@pierceatwood.com

-and-

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
    Kyle C. Bisceglie, *admitted pro hac vice*
    Herbert C. Ross, *admitted pro hac vice*
    Peter M. Sartorius
    Park Avenue Tower
    65 East 55th Street
    New York, New York 10022
    (t) (212) 451-2300
    (f) (212) 451-2222
    kbisceglie@olshanlaw.com
    hross@olshanlaw.com
    psartorius@olshanlaw.com

*Attorneys for Defendant*
*and Counterclaim-Plaintiff Atari, SA*

1124455-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2010, the within document was served by electronic mail and United States First Class Mail on the following counsel of record for plaintiff Hasbro, Inc. in the above-captioned action:

Todd White, Esq.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
twhite@apslaw.com

Robert M. Schwartz, Esq.
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
rschwartz@omm.com

/s/ Peter M. Sartorius
PETER M. SARTORIUS

8

1124455-1