# EXHIBIT 10



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

1999 Avenue of the Stars
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

TOKYO

WASHINGTON, D.C.

OUR FILE NUMBER
393,260-8

WRITER'S DIRECT DIAL
(310) 246-8434

WRITER'S E-MAIL ADDRESS
jpearl@omm.com

January 20, 2011

**VIA FIRST CLASS MAIL AND E-MAIL**

Herbert C. Ross, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

> Re: *Hasbro, Inc. v. Infogrames Entertainment S.A. a/k/a Atari, S.A.*
> **(C.A. No. 09 Civ. 610 (S))**

Dear Herb:

We write concerning our recent meet and confer discussions, and to follow up on our January 14, 2011 letter to you.

During our January 13, 2011 meet and confer, you agreed to check with Atari about obtaining answers to various of Hasbro's First Set of Interrogatories (specifically, Interrogatory Nos. 1-11) where Atari can answer without reference to document discovery or reliance on Federal Rule of Civil Procedure 33(d). You promised to let us know by January 18 whether Atari intended to provide further responses to these interrogatories.

On January 18th, you called me and suggested that some of the information sought by Hasbro's interrogatories—namely, the identity of any game that Atari considered for development—would have been submitted and available via the LAS system, and therefore Atari does not believe that it needs to compile that information.

Hasbro's Interrogatory No. 1 asked Atari to identify each D&D game it "CONSIDERED FOR DEVELOPMENT"—which was broadly defined as the "preparation or conveyance of an internal or external proposal, whether written or oral, concerning the potential development of any particular *D&D* GAME or a concept or idea for any particular *D&D* GAME." Interrogatory Nos. 2-11 built on Interrogatory No. 1, and sought information concerning dates the proposed games were submitted for approval, the level of each game's development and whether it was sublicensed, the amount of dollars spent on marketing and customer support, and other salient details. Thus, in Interrogatory No. 1 Hasbro sought information not just concerning those D&D games which Atari formally submitted to Hasbro for approval, but also information concerning internal proposals, concepts and ideas for D&D games which may have never been presented to

O'MELVENY & MYERS LLP

Herbert C. Ross, Esq., January 20, 2011 - Page 2

Hasbro, as well as proposals for D&D games that Atari presented to Hasbro but then never submitted for approval via LAS. Thus, it is no answer for Atari to say "check LAS," unless of course Atari's position is that each and every D&D game it ever "CONSIDERED FOR DEVELOPMENT" was in fact submitted to Hasbro for approval via LAS. If that is the case, at a minimum Atari should provide a supplemental response to Interrogatory No. 1 so indicating.

Nor can Hasbro obtain from LAS information concerning, for example, whether Atari sublicensed a particular D&D game, or information concerning the amount of dollars spent by Atari on marketing and customer support. Thus, Atari is still obligated to provide complete and substantive responses to the other interrogatories which do not seek information that is obtainable or answerable by resort to the LAS system.

We assume given Atari's prior positions that Atari will maintain its objections. If this is not the case, please let us know as soon as possible so we know for which discovery requests the parties are at impasse.

Very truly yours,

James Pearl

James Bo Pearl
of O'MELVENY & MYERS LLP

CC1:842965.1