UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br><br>          Plaintiff,<br><br>    -against-<br><br>INFOGRAMES ENTERTAINMENT, S.A.,<br>a/k/a ATARI, S.A.,<br><br>          Defendant. | C.A. No. 09 Civ. 610 (S) (LDA) |

**DEFENDANT ATARI, SA'S OBJECTION TO "HASBRO, INC.'S MOTION
TO AMEND THE STIPULATION AND PROTECTIVE ORDER CONCERNING
CONFIDENTIALITY OF DISCOVERY MATERIALS" [DOCKET NO. 67]**

  Defendant Atari, SA (f/k/a Infogrames Entertainment, SA) ("Atari") objects to the motion of plaintiff Hasbro, Inc. ("Hasbro") which seeks to amend the Stipulation and Protective Order Concerning Confidentiality of Discovery Materials (Dkt. 67). Atari objects on the grounds that the parties had stipulated to the terms of the aforesaid stipulation and protective order, and Hasbro has not demonstrated particular good cause for the amendment it now seeks. Atari also files herewith a memorandum in support of its objection to Hasbro's motion.

  Atari respectfully requests hearing on its objection and estimates that such hearing will last 15 minutes.

1192247-3

Respectfully submitted,

Dated: Providence, Rhode Island
January 31, 2011

PIERCE ATWOOD LLP

By: /s/ Brooks R. Magratten
Brooks R. Magratten
Michael J. Daly
10 Weybosset Street
Suite 400
Providence, Rhode Island 02903
(t) (401) 588-5113
(f) (401) 588-5166
bmagratten@pierceatwood.com
mdaly@pierceatwood.com

-and-

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

Kyle C. Bisceglie, *admitted pro hac vice*
Herbert C. Ross, *admitted pro hac vice*
Peter M. Sartorius
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(t) (212) 451-2300
(f) (212) 451-2222
kbisceglie@olshanlaw.com
hross@olshanlaw.com
psartorius@olshanlaw.com

*Attorneys for Defendant
and Counterclaim-Plaintiff Atari, S.A.*

## CERTIFICATE OF SERVICE

    This document was electronically filed with the Clerk of the Court on January 31, 2011, and is available for viewing and downloading from the Court's ECF system. Service on all counsel of record has been effectuated by electronic means.

                                            /s/ Michael J. Daly
                                              MICHAEL J. DALY

1192247-3

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., <br><br> Plaintiff, <br><br> -against- <br><br> INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A., <br><br> Defendant. | C.A. No. 09-610 (S) (LDA) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ATARI, SA'S OBJECTION TO "HASBRO, INC.'S MOTION TO AMEND THE STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS"**

This memorandum of law is submitted on behalf of defendant and counterclaim-plaintiff Atari, SA ("Atari") in support of its objection to the motion of plaintiff and counterclaim-defendant Hasbro, Inc. ("Hasbro") to amend the Stipulation and Protective Order Concerning Confidentiality of Discovery Materials (the "Stipulated Protective Order").[1] Specifically, Hasbro seeks by its motion to unilaterally amend the Stipulated Protective Order so as to supply an additional, heightened level of confidentiality—which Hasbro terms "Attorneys' Eyes Only"—to be applied to certain documents Hasbro deems to be confidential or proprietary and, in the estimation of Hasbro, are unrelated to this action.

<u>Preliminary Statement and Background</u>

On May 24, 2010, Hasbro and Atari filed a joint motion for the entry of a stipulated protective order concerning the confidentiality of material exchanged between the parties throughout the course of discovery in this action. According to the parties' joint motion,

---

[1] A copy of the Stipulated Protective Order is filed on the Court's ECF system as Docket No. 35.

> [T]he parties have agreed to the terms of a confidentiality agreement which will protect them against the undue disclosure of confidential and proprietary information. The agreement, among other things, permits the parties to designate appropriate discovery materials as confidential, restricts unnecessary dissemination of confidential information, and provides a mechanism by which the parties can make appropriate use of such materials during litigation.

(Dkt. 34, p.3) The joint motion was signed by counsel for both Hasbro and Atari. (Dkt. 34)

The Court granted the parties' joint motion, and signed and entered the Stipulated Protective Order on March 28, 2010. (*See* Dkt. 35) The parties have produced documents and operated under the Stipulated Protective Order for the last ten months.

The Stipulated Protective Order was specifically negotiated and agreed to by the parties' respective counsel. No doubt, counsel for Hasbro knowingly and willingly signed the Stipulated Protective Order prior to submitting it to the Court for its *imprimatur*. Presumably, counsel for Hasbro read and understood the contents of the Stipulated Protective Order prior to executing it. Hasbro does not claim that it was duped into signing the Stipulated Protective Order, nor does Hasbro argue that it was somehow fraudulently induced into doing so. Nor can it.

Nothing has changed in the intervening ten months since the execution of the Stipulated Protected Order that would necessitate modification of the Stipulated Protective Order. Although Hasbro has sought leave to amend its pleading a second time, the document requests which Hasbro claims necessitate its motion to amend the Stipulated Protective Order were served months before Hasbro's motion for leave to serve a second amended complaint.

Nevertheless, counsel for Hasbro now implores the Court, upon Hasbro's apparent further reflection, to vacate the parties' stipulation under which the parties have been operating and, in its place, enter a so-called "Amended Protective Order Concerning Confidentiality of

Discovery Materials."[2] (Dkt. 67, Ex. 1) Hasbro's "modification" of the Stipulated Protective Order would create an entirely new level of confidential treatment—what Hasbro terms as "Attorneys' Eyes Only"— entailing far more extreme protections than those provided by the Stipulated Protective Order to which the parties agreed in May 2010. However, if Hasbro had desired such a heightened layer of confidentiality, it could have sought Atari's agreement to one May 2010. Hasbro chose not to do so. Hasbro provides no compelling rationale for its supposedly newly-discovered need for the heightened level of confidentiality it now seeks. In fact, the prevalent view is that a party to a protective order previously stipulated to must show "particular good cause" for modification of that order. As it fails to make such a showing, Hasbro should be bound to its May 2010 agreement.

As set forth below, there is no need for the heightened layer of confidentiality Hasbro now seeks to impose upon Atari. The strictures imposed by the Stipulated Protective Order are more than sufficient to accomplish Hasbro's supposed objective of maintaining the confidentiality of the documents Hasbro has and will produce throughout the course of discovery in this action. Since Hasbro has failed to demonstrate particular good cause for vacatur or modification of the Stipulated Protective Order, Hasbro's motion should be denied.

---

[2] Hasbro misleadingly asserts that it sought Atari's agreement to "Attorneys' Eyes Only" treatment of certain documents produced or to-be-produced by Hasbro in this action. When Hasbro sought Atari's agreement to this second, more extreme level of treatment in the Fall 2010, Hasbro stated that it would apply to "documents concerning future game plans and documents related to games not covered by the license." (Dkt. 68, Ex. A at p.13) Clearly, Atari could not, for example, agree to apply an "Attorneys' Eyes Only" designation to "documents concerning future game plans," as that category embraces games subject to the parties' License Agreement. Atari's counterclaims specifically allege that Hasbro has tortiously interfered with, and in some cases tried to supplant, Atari's business relationships with prospective sublicensees of Atari, including Microsoft and Perfect World. (Dkt. 33, ¶¶ 138-147) Hasbro's offering of any future Dungeon & Dragons game to these prospective sublicensees of Atari is relevant to the tortuous interference counterclaim, and Atari's business personnel should have ready access to documents concerning such games to assist Atari's counsel in the prosecution of that counterclaim as well as Atari's other counterclaims.

3

1192247-3

<u>Argument</u>

I

HASBRO HAS FAILED TO SHOW PARTICULAR GOOD CAUSE
FOR VACATUR OF THE STIPULATED PROTECTIVE ORDER

Hasbro's motion should be denied for the simple reason that Hasbro has failed to demonstrate the requisite particular good cause and compelling justification for vacatur of the Stipulated Protective Order, and entry of the "Amended Protective Order."

1. <u>The Applicable Legal Standards</u>

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a court to issue a protective order upon a showing of "good cause" by the party or parties seeking the order. However, "[t]here is general unanimity among the district courts that where a party to a *stipulated* protective order seeks to modify that protective order, that party must demonstrate *particular* good cause in order to gain relief from the agreed to protective order." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Ia. 1992) (emphasis supplied). "The courts' rationale for this clearly sensible standard is that a party which in good faith negotiates a stipulated protective order and then proceeds to produce documents pursuant to that protective order is entitled to the benefit of its bargain; namely, to rely upon the terms of the stipulated protective order." *Id.* at 501-2. While denying modification of a protective order because the movant did not even show good cause, the court in *Fairchild Semiconductor Corp. v. Third Dimension Semiconductor, Inc.*, C.A. No. 08 Civ. 158, 2009 WL 1210638 at *1, n.5 (D. Me. April 30, 2009) endorsed the dominant view of the courts that one moving to modify a stipulated protective order must demonstrate *particular* good cause.

Other courts have imposed a similarly stiff burden on a party moving to modify a protective order concerning confidentiality of documents exchanged during discovery.

4

*Martindell v. Int'l Telephone & Telegraph Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (once a confidentiality order has been entered and relied upon, it can only be modified if an "extraordinary circumstance" or "compelling need" warrants the requested modification); *Kyles v. J.K. Guardian Sec. Servcs.*, C.A. No. 97 Civ. 8311, 2006 WL 2349238, *4 (N.D. Ill. Aug. 15, 2006) ("Where, as here, a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order.").[3]

Furthermore, even when moving for a protective order, much less modification of an existing one, the finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements, and the burden is on the movant to make a specific demonstration of necessity for the protective order. *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7-8 (1st Cir. 1986).

      2.      <u>Hasbro Has Failed to Meet Its Burden</u>

Hasbro has come nowhere close to meeting its burden of demonstrating particular good cause sufficient to necessitate the vacatur of the Stipulated Protective Order and entry of its modified version of the parties' agreement. In fact, Hasbro has not even shown good cause.

First, Hasbro fails to identify in what manner the protections afforded by the Stipulated Protective Order are inadequate to achieve its stated goal of "limit[ing] the dissemination of a narrowly-defined subset of confidential and proprietary data." (Hasbro Mem. at 1) Indeed, the Stipulated Protective Order already provides a host of protections for material designated as confidential.

---

[3] Hasbro incorrectly asserts that Atari has not yet produced any documents in response to Hasbro's discovery requests in this action. In fact, Atari has produced a number of documents to Hasbro in connection with the parties' unsuccessful mediation of this action and is in the process of reviewing a voluminous amount of documents in response to Hasbro's discovery requests.

5

1192247-3

For example, Section 6 requires that material designated as confidential pursuant to the Stipulated Protective Order

> shall be used by the non-designating part or person only in preparation for and during the conduct of the action . . . and shall not be used in any other action and/or for any other purpose except upon the prior written consent of the designating party or person or upon prior order of the Court.

(Dkt. 35, § 6) Furthermore, Section 7 of the Stipulated Protective Order restricts the individuals to whom confidential material may be disclosed: outside counsel of record and in-house counsel to the parties (Section 7(a)); officers, employees, and agents of the party "who are reasonably necessary to assists counsel in the conduct of this action" (Section 7(b)); independent experts and consultants from whom counsel may obtain advice (Section 7(c)); and any person who is deposed or testifies in this action (Section 7(d)). These and other protections provided by the Stipulated Protective Order are more than sufficient to satisfy Hasbro's concerns regarding the confidentiality of documents it produced during this litigation. In fact, this is undoubtedly why Hasbro originally agreed to these provisions in the first place.

In its motion papers, Hasbro asserts that extraordinarily-heightened protections are required because Atari has supposedly breached confidentiality obligations pursuant to the parties' License Agreement (Hasbro Mem. at 2-3). This argument is meritless. Atari has not breached any obligations owed to Hasbro. Furthermore, no litigant should be permitted to use the critical and disputed *allegations* of a lawsuit as grounds to deprive its opponent of the opportunity to review evidence exchanged in discovery. Atari must be permitted to review all evidence Hasbro provides in order to fully assist its outside counsel in the prosecution and defense this action. In any event, it is clear that this rationale is merely a concoction. Hasbro alleged those supposed breaches of confidentiality in its original complaint in this action in December 2009 (Dkt. 1, ¶¶ 124-28), months before Hasbro agreed to be bound by the Stipulated

Protective Order and jointly moved in May 2010 for the Court to sign and enter it. Furthermore, despite these allegations initially made in December 2009, Hasbro nevertheless believed in May 2010 that the Stipulated Protective Order adequately protected its supposedly confidential documents. Hasbro should not be permitted to change its mind and argue that those purported breaches should justify modification of the Stipulated Protective Order now.

Second, in its motion papers, Hasbro purports to seek "Attorneys' Eyes Only" protection for documents it may produce during discovery in this action relating to its actual or proposed products "which are unrelated to the digital gaming rights licensed to Atari pursuant to the License Agreement." (Dkt. 67, Ex. 3 at p.3) Hasbro's insistence that it requires a heightened level of protections for such documents is premised on its stated intention in its motion papers to produce such documents pursuant to Atari's documents requests in this action. (Hasbro Mem. at 1-2) However, none of Atari's discovery requests seek the production of any such "unrelated" documents. While it is theoretically possible that documents responsive to some of Atari's discovery requests could, in addition to containing information relevant to rights granted under the License Agreement, also furnish information concerning Hasbro products unrelated to those rights, Hasbro fails to even identify to which particular discovery requests any such documents are purportedly responsive.

Third, Hasbro asks the Court to disregard the parties' prior agreement based simply on its representation that the documents it seeks to designate "Attorneys' Eyes Only" do in fact warrant this heightened level of confidentiality. However, Hasbro's conclusory assertions regarding its apparently newly-discovered rationale for this second tier of confidentiality are clearly not sufficient. Even were the standard for modification a showing of "good cause" rather than "particular good cause," good cause must be based on a particular factual demonstration of

7

1192247-3

potential harm, not on conclusory statements, and the burden is on the movant to make a specific demonstration of necessity for the protective order. *Anderson v. Cryovac, Inc.*, *supra*. It is simply not possible, based on Hasbro's motion papers, to adduce the propriety of the greatly-heightened level of protections sought by the motion over those provided by the Stipulated Protective Order. Hasbro nowhere (i) identifies to what discovery requests of Atari such documents are responsive, and (ii) does not furnish any of them to the Court and Atari counsel for *in camera* inspection. Furthermore, Hasbro only conclusorily states that the documents relate to actual or potential games that are unrelated to rights granted by the License Agreement. Atari and the Court are left to guess what documents Hasbro desires to designate "Attorneys' Eyes Only." Hasbro's conclusory assertions do not suffice.

Similarly, Hasbro's assertion that one or more unnamed recipients of subpoenas served by Hasbro have expressed concerns about producing documents under the existing Stipulated Protective Order (Hasbro Mem. at 2-3) is yet another conclusory, unsubstantiated assertion that does not satisfy the requirement of a specific factual demonstration. Again, Hasbro identifies no particular request in any of its subpoenas which triggered the supposed concerns of the recipients of Hasbro's subpoenas. Nor does Hasbro identify any subpoena recipient which has expressed any such concerns or annex any written objection from any subpoena recipient based on any such concerns. Even if Hasbro could produce such specific factual details, it remains unclear why the protections afforded by the Stipulated Protective Order would not suffice.

Fourth, Hasbro's argument that Atari would not be prejudiced by Hasbro's designation of documents as "Attorneys' Eyes Only," since Atari would presumably have the right to challenge any such designation under the proposed "Amended Protective Order" (Hasbro Mem. at 7), is misplaced. The proposed "Amended Protective Order" requires the party challenging such a

8

designation to seek an order removing it. (Dkt. 67, Ex. 1 at 13) Atari should not bear the initial burden and attendant costs of demonstrating why documents designated by Hasbro as "Attorneys' Eyes Only" do *not* warrant such heightened protection. This is particularly so since the parties have already executed a stipulation so ordered by the Court concerning the treatment of confidential information exchanged between them in this action, and that stipulation makes no room for Hasbro's proposed "Attorneys' Eyes Only" layer of confidentiality.

Hasbro has not demonstrated—by any applicable standard—that the vacatur or modification of the Stipulated Protective Order is warranted. In such circumstances, the Court should deny Hasbro's motion.

## Conclusion

On the basis of the foregoing, Atari respectfully requests that the Court deny Hasbro's motion to amend the Stipulation and Protective Order Concerning Confidentiality of Discovery Materials.

Dated: Providence, Rhode Island
January 31, 2011

PIERCE ATWOOD LLP

By: /s/ Brooks R. Magratten
Brooks R. Magratten
Michael J. Daly
10 Weybosset Street
Suite 400
Providence, Rhode Island 02903
(t) (401) 588-5113
(f) (401) 588-5166
bmagratten@pierceatwood.com
mdaly@pierceatwood.com

-and-

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

Kyle C. Bisceglie, *admitted pro hac vice*
Herbert C. Ross, *admitted pro hac vice*
Peter M. Sartorius
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(t) (212) 451-2300
(f) (212) 451-2222
kbisceglie@olshanlaw.com
hross@olshanlaw.com
psartorius@olshanlaw.com

*Attorneys for Defendant
and Counterclaim-Plaintiff Atari, S.A.*

**CERTIFICATE OF SERVICE**

This document was electronically filed with the Clerk of the Court on January 31, 2011, and is available for viewing and downloading from the Court's ECF system. Service on all counsel of record has been effectuated by electronic means.

/s/ Michael J. Daly
MICHAEL J. DALY

10

1192247-3