# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

        Plaintiff,

    -against-

INFOGRAMES ENTERTAINMENT, S.A. a/k/a
ATARI, S.A.,

        Defendant.

C.A. No. 09 Civ. 610 (S) (LDA)

## DECLARATION OF JAMES M. PEARL

I, James M. Pearl, declare and state:

1.      I am a member of the State Bar of California and am admitted to practice before the Courts of that State and the Central District of California. I am admitted *pro hac vice* to the District of Rhode Island. I am a partner of the law firm of O'Melveny & Myers LLP, counsel of record for Plaintiff and Counterclaim-Defendant Hasbro, Inc. ("Hasbro"), in the above-captioned action. I make this declaration in support of Hasbro's Objection to Atari's Motion to Continue Sealing of Hasbro's Proposed Second Amended Complaint and Exhibits 10 and 14 to Pearl Declaration. I have personal knowledge of the matters stated herein, and I could and would testify competently to them if called as a witness.

2.      On Monday, November 22, 2010, I sent an email to Mr. Herbert Ross, counsel for Defendant and Counterclaim-Plaintiff Atari, S.A. ("Atari"), enclosing a draft of Hasbro's proposed Second Amended Complaint ("SAC") and asking him to let us know by Wednesday, November 24 whether Atari would stipulate to the proposed amended complaint. In response to Atari's request, Hasbro extended the turnaround time to Monday, November 29, 2010. Attached hereto as Exhibit 1 is a true and correct copy of this November 22, 2010 email chain.

1

3.      On November 30, 2010, Atari's counsel indicated to me that it was considering allowing the pleading, but requested that it be filed under seal because it contained quotations from the Distribution Agreement.  I informed Atari that Hasbro was willing to make reasonable redactions and asked Atari to identify specifically what it wanted redacted.

4.      On December 1, 2010, among other requests, Atari requested that the "entire complaint" be filed under seal.

5.      I informed Atari that a court would not agree to seal the entire complaint as there is no legal basis for dong so, and again asked Atari to suggest redactions to the proposed SAC that would accommodate Atari's concerns.

6.      On the evening of December 1, 2010, counsel for Atari emailed me a copy of the proposed SAC containing suggested redactions by Atari, including the redaction of statements made by Atari executives as quoted in a *Los Angeles Times* article.  Attached hereto as Exhibit 2 is a true and correct copy of Atari's December 1, 2010 email to me.

7.      In response, I explained to Atari that, in Hasbro's view, many of the suggested redactions were improper and did not seek to redact or seal information and facts that were confidential.  To move ahead, however, I told counsel for Atari that (a) Hasbro was presently willing to file a stipulation with the Court agreeing that Hasbro could amend its complaint and enclosing a redacted version of the proposed SAC (the "Stipulation"); and (b) Hasbro would reserve its rights with respect to the propriety of Atari's suggested redactions.

8.      On December 3, 2010, Atari suggested that the parties needed to include "a motion in support" of the Stipulation.  Attached hereto as Exhibit 3 is a true and correct copy of this December 2-3, 2010 email chain.

2

9.      After further exchanges regarding the timing and mechanics of filing the SAC, on December 6, 2010 Atari asked Hasbro to agree to a joint motion to seal in connection with the filing of the Stipulation. I replied that Hasbro was "unwilling to agree to a joint motion to seal on certain aspects of the complaint that we do not believe should be under seal." I informed counsel for Atari that Hasbro planned to file the following day a motion to amend the complaint "with the new version of the complaint to reflect Atari's proposed redactions. We will then await Atari's motion to seal, which we will be opposing in part based on the objections we discussed."

10.     That evening, counsel for Atari responded summarizing each side's position.

11.     I replied and confirmed that Hasbro was unwilling to agree to seal certain portions of the SAC that Hasbro does not believe qualify for sealing. I informed Atari of Hasbro's plans to instead file a motion to amend. Attached hereto as Exhibit 4 is a true and correct copy of this December 3-6 email chain.


Executed in Los Angeles, California on this 3rd day of February 2011.


By: _____
James M. Pearl

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2011, an electronic copy of the within document was served upon the following counsel of record via the PACER/ECF system:

Brooks R. Magratten, Esq.
bmagratten@pierceatwood.com
Michael J. Daly, Esq.
mdaly@pierceatwood.com
Pierce Atwood LLP
10 Weybosset Street, Suite 400
Providence, RI  02903

Kyle C. Bisceglie, Esq.
Kbisceglie@olshanlaw.com
Herbert C. Ross, Esq.
hross@olshanlaw.com
Peter M. Sartorius
psartorius@olshanlaw.com
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY  10022

/s/ Todd D. White
Todd D. White