UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

    Plaintiff,

-against-

INFOGRAMES ENTERTAINMENT, S.A. a/k/a ATARI, S.A.,

    Defendant.

C.A. No. 09 Civ. 610 (S) (LDA)

## DECLARATION OF BRENDAN COONEY

I, Brendan Cooney, declare and state:

1. I am a member of the State Bar of California and am admitted to practice before the Courts of that State and the Central District of California. I am an associate with the law firm of O'Melveny & Myers LLP, counsel of record for Plaintiff and Counterclaim-Defendant Hasbro, Inc. ("Hasbro"), in the above-captioned action. I submit this declaration in support of Hasbro's Motion to Amend the Stipulation and Protective Order (Docket No. 67). I have personal knowledge of the matters stated herein, and I could and would testify competently to them if called as a witness.

2. Attached hereto as Exhibit E is a true and correct copy of the December 3, 2010 written objections served by non-party Microsoft Corporation ("Microsoft") in response to Hasbro's November 17, 2010 subpoena to Microsoft. In its written objections, Microsoft objected that the subpoena "calls for the production of documents that may implicate confidential, proprietary and/or trade secret information." Microsoft also stated that it would only produce responsive documents containing "confidential or highly confidential information . . . subject to the entry of a mutually agreeable protective order." Microsoft expressed similar concerns during subsequent conversations with Hasbro concerning the subpoena. To date, Hasbro has not received any documents from

Microsoft in response to Hasbro's subpoena, and does not know to what extent Microsoft will limit its production on the basis of its stated concerns.

3. Attached hereto as Exhibit F is a true and correct copy of the December 1, 2010 written objections served by non-party THQ, Inc. ("THQ") in response to Hasbro's November 17, 2010 subpoena to THQ. In its written objections, THQ objected to Hasbro's subpoena "on the ground that it seeks the production of documents and information that is proprietary and confidential, and the disclosure of which would create a substantial risk of competitive harm to THQ." THQ also expressed similar concerns during subsequent conversations with Hasbro concerning the subpoena. To date, Hasbro still has not received documents responsive to its subpoena to THQ.

4. Other subpoenaed non-parties have expressed similar concerns to Hasbro about producing documents without an adequate protective order in place. For example, on December 3, 2010, Hasbro served non-party Perfect World Entertainment ("Perfect World") with a subpoena. During a telephone conversation in January 2011, Perfect World's counsel told Hasbro that it did not want to produce certain internal documents responsive to Hasbro's subpoena because the terms of the protective order currently in place would not prevent Atari or Hasbro employees or executives from being able to review such documents. To date, Perfect World has yet to produce these internal documents to Hasbro because of these concerns.

5. Hasbro believes the proposed amendment to the protective order would help allay the concerns expressed by Microsoft, THQ, Perfect World, and other non-parties by providing an "Attorneys' Eyes Only" ("AEO") category of protection for certain narrowly-defined documents. Under Hasbro's proposed amendment, only the parties' respective outside counsel and their experts,

as well as one in-house counsel, would have access to documents and information designated as AEO.

Executed in Los Angeles, California on this 10th day of February 2011.

By: _____
Brendan Cooney

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2011, an electronic copy of the within document was served upon the following counsel of record via the PACER/ECF system:

Brooks R. Magratten, Esq.
bmagratten@pierceatwood.com
Michael J. Daly, Esq.
mdaly@pierceatwood.com
Pierce Atwood LLP
10 Weybosset Street, Suite 400
Providence, RI 02903

Kyle C. Bisceglie, Esq.
Kbisceglie@olshanlaw.com
Herbert C. Ross, Esq.
hross@olshanlaw.com
Peter M. Sartorius
psartorius@olshanlaw.com
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

/s/ Todd D. White
Todd D. White