UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., <br>                         Plaintiff, <br> -against- <br> INFOGRAMES ENTERTAINMENT, S.A., a/k/a ATARI, S.A., <br>                         Defendant. | C.A. No. 09 Civ. 610 (S) (LDA) |

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF ATARI, SA'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO
CONTINUE SEALING OF PROPOSED SECOND AMENDED COMPLAINT AND
EXHIBITS 10 AND 14 TO THE PEARL DECLARATION**

This memorandum of law is submitted on behalf of defendant and counterclaim-plaintiff Atari, SA, f/k/a Infogrames Entertainment, SA ("Atari"), in reply to the objection of plaintiff and counterclaim-defendant, Hasbro, Inc. ("Hasbro") to Atari's motion (Docket No. 69) to continue the sealing of (1) the unredacted version of Hasbro's proposed Second Amended Complaint, annexed to Hasbro's Motion For Leave to File Second Amended Complaint (Docket No. 50), and (2) Exhibits 10 and 14 annexed to the Declaration of James Pearl dated December 7, 2010 (Docket No. 51, the "Pearl Declaration") filed on behalf of Hasbro in support of said motion.

Argument

I    HASBRO DOES NOT DENY THAT IT INCLUDED THE ALLEGATIONS IN ISSUE IN ITS PROPOSED PLEADING TO HARM ATARI

One of Atari's principal arguments for continued sealing of Hasbro's unredacted proposed Second Amended Complaint is that Hasbro included in the unredacted version allegations the sole purpose of which are to "injur[e] Atari's business reputation and pressur[e] it to succumb to Hasbro's demands in this litigation." (Docket 69, p. 9 of 14) While Hasbro asserts that the allegations are relevant to its proposed claims, it nowhere denies that a central

purpose of its repeatedly quoting from the *Los Angeles Times* article and characterizations of what the quotations mean or demonstrate in the proposed Second Amended Complaint are intended to injure Atari's business reputation and force it to obey Hasbro's demands.

Hasbro's failure and inability to disavow its improper purpose is reason enough to grant Atari's motion. Hasbro cites *Russo v. Merck*, 138 F.Supp. 147, 148-49 (D.R.I. 1956), for the proposition that a Rule 12(f) motion to strike allegations in a pleading should not be granted even if the allegations literally fall within that rule "in the absence of a showing that they have no relation to the controversy or are clearly prejudicial to the movant." It is "clearly prejudicial" to Atari for Hasbro to insert allegations in the proposed Second Amended Complaint with the plan and intent to harm Atari's public reputation.

Hasbro's position is that it is entitled to quote selectively from press articles about Atari in a pleading, stitch those quotations together with Hasbro's own miserable construction of what the quotations mean, and then make the pleading publicly available in order to cause harm to Atari. This cannot be permissible.

Furthermore, the quotations, many of which are ambiguous, and Hasbro's gratuitous editorializing in the same paragraphs are not necessary for Hasbro's proposed claims. First, they are unnecessary for Hasbro's pleading of its proposed claim for termination of the License Agreement based on alleged financial condition. Indeed, many of the quotations do not speak directly and clearly as to financial condition. Similarly, the quotations and editorial comments are not relevant to Hasbro's proposed claim that Atari has failed to perform development and marketing obligations in breach of the License Agreement. Characterizing finances and management has nothing to do with such a claim. Whether Atari failed to perform any contractual obligations for any reason (aside from interference by Hasbro or *force majeure*) is

irrelevant to such a claim. Hasbro selected, aggregated, characterized, and inserted into its proposed Second Amended Complaint disparate quotations from the *Los Angeles Times* article not to state claims for relief but only to damage Atari's business reputation and force it to accede to Hasbro's demands.

II     HASBRO DOES NOT MERELY QUOTE FROM MATTER ALREADY IN THE PUBLIC RECORD

Hasbro's principal argument in support of its objection is that (a) its proposed Second Amended Complaint merely quotes from a matter of public record, a newspaper article, and (b) what is a matter of public record cannot be sealed. This argument is false and a pretense. Hasbro does not merely quote from the *Los Angeles Times* article. Hasbro groups disparate quotations together, many of which are ambiguous, and then construes and characterizes them, and inserts them into contexts created by Hasbro in its proposed pleading. Hasbro's assemblage, argumentative interpretations, and contextualizing of quotations from the article are not matters in the public domain.

Hasbro more than belabors its gratuitous characterizations of Atari. Hasbro stitches together quotations from the *Los Angeles Times* article and construes them right off-the-bat in paragraphs 1 and 2 of the proposed Second Amended Complaint, and continues to do the same in paragraphs 23, 24, 27, 30, 85-90, 106, 107, and 118 of the proposed Second Amended Complaint. Hasbro devotes a total of fifteen (15) paragraphs to beat constantly into the head of any non-party reader Hasbro's gratuitous characterizations of financial condition and management. There is no need for such "pleading." The only reasonable interpretation of such conduct is that Hasbro is trying to harm Atari's reputation to anyone who reads the proposed Second Amended Complaint.

Secondly, as set forth above, Hasbro's quotations from the articles are unnecessary to support what it seeks to allege in the Second Amended Complaint about Atari's supposed financial condition. Therefore, it is not surprising that Hasbro nowhere argues that it requires the quotations and its characterizations of them to state a claim for relief.

### III  HASBRO'S OBJECTION MISSTATES AND OBFUSCATES

Hasbro also resorts to misstatement and obfuscation. First, it falsely states that Atari seeks sealing of "the entirety of Hasbro's proposed Second Amended Complaint." (Docket No. 80-1, p.9 of 11) This statement is demonstrably false as Hasbro acknowledges elsewhere that Atari sent the redactions it sought for a public, redacted version of the proposed Second Amended Complaint to Hasbro's counsel weeks before this motion was filed. (Docket No. 80-1, p.2 of 11) In fact, Atari has not objected to Hasbro's public filing of the redacted, proposed Second Amended Complaint, which has the redactions sought by Atari.

Hasbro also obfuscates. In its memorandum in support of its motion for continued sealing, Atari points out that (a) the proposed Second Amended Complaint quoted from a Distribution Agreement between a subsidiary of Atari and entities that are not parties to this action; (b) the agreement states that it is confidential; and (c) Atari produced it to Hasbro subject to the stipulated protective order on confidentiality in this action. Atari further pointed out that quotations or paraphrases from that agreement should be subject to sealing. Hasbro now responds that it "has always been willing to seal the confidential terms of the Distribution Agreement." (Docket No. 80-1 at p. 8 of 11) However, that statement in Hasbro's memorandum in support of its objection to this motion is the first time Hasbro made that statement. In fact, Hasbro only cites as support for the statement its prior, ambiguous comment that did not specifically address the Distribution Agreement, *i.e.*, "Hasbro is willing to seal and redact

appropriate portions of the proposed amended complaint where there is a compelling reason to do so." (Docket No. 80-1 at p.8 of 11; Docket No. 53 at 1)

### IV  HASBRO FAILS TO REBUT THE DECISIONAL LAW THAT COURTS CAN SEAL SCANDALOUS ALLEGATIONS

Hasbro cites this Court's Local Rule Gen 102 as to the sealing of documents and its reference to documents containing confidential information. However, that rule does not exclude the decisional law cited by Atari that courts also have the right to seal scandalous allegations.

Hasbro's attempt to distinguish the decisions cited by Atari for this proposition on the ground they do not concern publicly available information avoids the simple proposition for which Atari cited them, *i.e.*, that scandalous pleadings are routinely ordered sealed. For example, Hasbro focuses on the type of scandalous matter in issue in *Doe v. Webster*, 606 F.2d 1226 (D.C. Cir. 1979), but cannot and does not dispute the simple statement made by the court in that decision that "scandalous pleadings are routinely ordered sealed." *Id*. at 1243.

Similarly, Hasbro's attempts to distinguish other cases cited by Atari also fail to dispute the proposition that court filings may be sealed by reason of their containing scandalous information. *In re Gitto/Global Corp.*, 321 B.R. 367, 375 (Bankr. D. Mass. 2005) ("It is uncontested . . . that the right to inspect and copy judicial records is not absolute. Every court has supervisory power . . . and access has been denied where court files might have been a vehicle for improper purposes."); *Issac v. CNX Gas Co.*, LLC, C.A. No. 07 Civ. 722, 2008 WL 4186855 (S.D. W. Va., Sept. 9, 2008) (sealing a complaint because it contained scandalous allegations); *In re Appeals from Orders of Bankr. Ct. in Case of Tri-State Ethanol Co., LLC*, C.A. Nos. 06 Civ. 1043, 06 Civ. 1040, 2007 WL 1202986 (D.S.D., April 23, 2007) (briefs sealed for containing impertinent and scandalous allegations).

*Gitto* is particularly instructive as to the types of allegations that merit sealing and the types of information a court will or will not strike. *Gitto* dealt with multiple individuals named in a bankruptcy examiner's report as possible targets for recovery. Some of the individuals did not allege the information they sought sealed was defamatory or scandalous and instead simply did not want to be named in the report. *Id*. at 376. Others alleged that merely being included in the report caused them harm such as those who refused to answer the examiner's questions and those who did not want disclosed that they were employed by the debtor. As noted by the court, these fell far short of scandalous pleadings. Though these individuals may have suffered embarrassment or shame, none argued, as Atari does here, that their economic and competitive standing in the business community would be harmed. As Atari may suffer a much greater harm from publication of Hasbro's scandalous allegations than that alleged by the movants in *Gitto*, Atari has far more appropriate grounds for sealing than the movants there.

Hasbro's attempt at distinguishing *Pucci v. 19th Dist. Court*, C.A. No. 07 Civ. 10631, 2009 WL 596196 (E.D. Mich. Mar. 6, 2009) is also misplaced. In *Pucci*, the court refused to strike portions of a settlement agreement involving a federal judge and a district court because the case involved public bodies and officials, noting that recent misadventures of the Detroit mayor highlighted the importance of not suppressing evidence when public officials were involved. *Id*. at 8. As Atari is not a public official or body relied upon to maintain the rule of law, the general public lacks the same interest in disclosure of Hasbro's salacious characterizations of Atari. Indeed, Hasbro has not denied that its inclusion of the scandalous allegations in its proposed Second Amended Complaint is intended to harm Atari's public reputation. Statements aimed at harming a litigant's public reputation are ones the *Pucci* court held that a court may properly seal, and even quoted the Supreme Court of the United States for

the proposition that courts may seal documents that contain "business information that might harm a litigant's competitive standing." *Id*. at *9, *quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). As Hasbro's scandalous allegations concern Atari's business and might harm Atari's competitive standing, they are easily within the realm of allegations that the court may seal or strike.

Additionally perplexing is Hasbro's attempted use of *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993) for the assertion that discomfort or fear do not constitute a "compelling reason" to seal judicial materials. In *Poliquin*, the court considered whether materials that were actually admitted into evidence at trial could be subject to post-trial disclosure restrictions. It is in this context that the court, noting the importance of open trials and the confidence of the public that justice is being done by the courts, required a compelling reason to seal judicial records. As the proposed Second Amended Complaint has not been subject to public scrutiny at trial in open court, the claimed applicability of *Poliquin* is misplaced. Additionally, *Poliquin* does stand for the proposition that just because a document is a matter of public record, it cannot be protected from further disclosure. In affirming an order sealing public documents, the court recognized that "[a]t first blush, it may appear odd to safeguard with a protective order 'public' documents that anyone in the country can secure by visiting a government office and using a copy machine. Yet, one can easily imagine 'public' archival material where difficulties of discovery and assembly represent a significant investment by the original finder and a barrier to easy replication." *Id*. at 534

Hasbro's argument that a court cannot seal previously published information is unsupported by the decisions Hasbro cites for that argument. In *Callahan v. United States*, 337 F. Supp. 2d 348 (D. Mass. 2004), the court cited as the principal reason for denying sealing, in

addition to prior public disclosure, the legitimate public interest in the details of a plea agreement between the federal government and a notorious mob hitman for arguably the highest profile criminal syndicate in Massachusetts history. *Id*. at n.3. Hasbro's reliance on *Corvello v. New England Gas Co.*, C.A. Nos. 05-221T, 05-274T, 05-370T, 05-522T, 2008 WL 5245331, at *6 (D.R.I., Dec. 16, 2008) and *Schmitt v. Kennedy*, C.A. No. 06 Civ. 10766, 2007 WL 2026619 (D. Mass., July 10, 2007) are likewise misguided, given that the party seeking to seal in each of these cases could not cogently argue any prejudice. In *Schmitt*, no prejudice existed because the findings, rulings and order of the judge, for which the movant sought sealing, had already been published on Westlaw. Unlike the movant in *Schmitt*, Atari will suffer prejudice because the proposed Second Amended Complaint contains matter that has not been previously published, as the pleading contains not only a selection of excerpts from the *Los Angeles Times* article, but also Hasbro's characterizations of the excerpts and placing them in the contexts of paragraphs authored by Hasbro, which have never been previously disclosed.

The movant that sought sealing in *Corvello* could not articulate any prejudice because, in a previous public filing with the SEC, the movant's corporate parent had already disclosed the information that the movant sought to have sealed supposedly to avoid prejudice. 2008 WL 5245331 at 6. In contrast here, Atari has never publicly disclosed Hasbro's selection of certain quotations from a newspaper article, Hasbro's construction of them, and its placing them in the contexts of paragraphs otherwise drafted by Hasbro.

In sum, what Hasbro has done is to select and assemble disparate quotations, stitch them together with Hasbro's gratuitous interpretations of them, and place them into the context of paragraphs otherwise drafted by Hasbro to paint in the proposed Second Amended Complaint a lurid picture of Atari to harm the public estimation of Atari. To prevent Hasbro from

accomplishing its improper purpose and protect Atari from harm, the unredacted proposed Second Amended Complaint with its sensationalist allegations should remain under seal.

## Conclusion

On the basis of the foregoing, Atari respectfully requests that the instant motion be granted and the Court order (1) the unredacted version of Hasbro's proposed Second Amended Complaint, annexed as Exhibit 1 to Hasbro's Motion for Leave to File Second Amended Complaint (Docket No. 50), remain sealed until further order of the Court; and (2) Exhibits 10 and 14 annexed to the Declaration of James Pearl dated December 7, 2010 (Docket No. 51) and submitted in connection with Hasbro's motion, remain under seal, and that said documents shall only be accessible in the Court's ECF and physical filing system to the parties, counsel for the parties, the Court, and appropriate Court personnel.

Dated: Providence, Rhode Island
        February 10, 2011

PIERCE ATWOOD LLP

By:  /s/ Brooks R. Magratten
     Brooks R. Magratten, No. 3585
     Michael J. Daly, No. 6729
     10 Weybosset Street
     Suite 400
     Providence, Rhode Island 02903
     (t) (401) 588-5113
     (f) (401) 588-5166
     bmagratten@pierceatwood.com
     mdaly@pierceatwood.com

-and-

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

     Kyle C. Bisceglie, *admitted pro hac vice*
     Herbert C. Ross, *admitted pro hac vice*
     Peter M. Sartorius
     Park Avenue Tower
     65 East 55th Street
     New York, New York 10022
     (t) (212) 451-2300
     (f) (212) 451-2222
     kbisceglie@olshanlaw.com
     hross@olshanlaw.com
     psartorius@olshanlaw.com

*Attorneys for Defendant
and Counterclaim-Plaintiff Atari, S.A.*

## **CERTIFICATE OF SERVICE**

This document was electronically filed with the Clerk of the Court on February 10, 2011, and is available for viewing and downloading from the Court's ECF system. Service on all counsel of record has been effectuated by electronic means.

                                                /s/ Michael J. Daly
                                                MICHAEL J. DALY